## Toledo, Peoria & Warsaw Railway Company

*v.*

## John W. Bray.

1. Negligence *in railroads—killing stock.* Where stock is killed on a railroad track, and the engineer in charge at the time, could, by the use of ordinary care and skill, without danger, have stopped the train in time to avoid the collision, although the animals were wrongfully upon the track, the company is nevertheless liable.

2. Same—*who may determine what facts constitute negligence.* In an action against a railroad company to recover for the killing of plaintiff's cows by the defendant's train, an instruction which directed the jury on behalf of the plaintiff "that if they believed, from the evidence, that the engine driver by the use of ordinary skill and prudence could have seen the cows spoken about by the witnesses, or that he did see the cows, and that he might without danger, by the use of ordinary care, have stopped the train before striking the cows and did not, that this would be negligence on the part of the defendants," upon objection that the court by the instruction encroached on the province of the jury in telling them that a certain state of facts constituted negligence, was regarded as not open to such objection.

Appeal from the Circuit Court of Hancock county; the Hon. Joseph Sibley, Judge, presiding.

This was an action brought by Bray against the railway company, before a justice of the peace, for the alleged killing of plaintiff's stock by the defendant's train. Judgment was rendered in favor of the plaintiff, from which the defendants appealed to the circuit court. A trial by jury in the circuit

court resulted in a verdict and judgment for the plaintiff for $90. The defendant brings the cause by appeal to this court.

Messrs. Marsh & Marsh, for the appellant.

Messrs. Manier, Peterson & Miller, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

Appellant complains of the giving of appellee's second instruction; it is this:

"The court further instructs the jury, on the part of the plaintiff, that if they believe, from the evidence, that the engine driver, by the use of ordinary skill and prudence, could have seen the cows spoken about by the witnesses, or that he did see the cows, and that he might, without danger, by the use of ordinary care, have stopped the train before striking the cows, and did not, that this would be negligence on the part of the defendant."

The objection taken is, that the court by this instruction, has encroached upon the province of the jury, in telling them that a certain state of facts constituted negligence. We fail to perceive the force of the objection. It tells the jury that if the engine driver could, by the use of ordinary skill and prudence, have seen the cows, and by the same kind of care could have avoided the injury, a failure to do so would be negligence. This leaves it to the jury to say what is ordinary skill and prudence in seeing the animals, and what would have been ordinary care in stopping the train before it reached the cows. The entire question of care, skill, and prudence, was left to the jury. The court only said, as it unquestionably might, that the omission of care and prudence was negligence. Prudence and care are the opposite of negligence. To use care is to avoid negligence, and to omit the use of care is to be guilty of negligence.

We perceive no error in requiring an engine driver to stop his train, if it may be safely done, by the use of ordinary care, so as to avoid the destruction of life or property. No one would for a moment doubt that it would be his duty to do so to preserve the life of a human being, or to prevent injury to a person. And, in principle, whatever the difference in degree, there is no distinction. A person has no right to destroy the property of another because the latter may be negligent, or because his animals may be trespassing. No person has the right unnecessarily to inflict a wrong or produce a loss upon another. The law affords a remedy against the owner of cattle trespassing on others. Even if the animal in this case could be said to have been wrongfully on the railroad track, still that did not license the engine driver to destroy it. If the company may omit all efforts to prevent injury to one animal on the track, may they not when a large number are so situated? If they may omit all efforts to prevent killing one cow, may they not omit efforts to avoid killing a drove of cattle or horses? We think the instruction embodies a correct principle. An engine driver is, however, not required to endanger the passengers aboard the train to prevent a collision with an animal, even if seen in time to avoid the collision. He is only required to do so when safety to passengers will justify it, as his first and highest duty is to preserve human life even to the destruction of property. This instruction conforms to this rule, and being proper it was rightfully given.

It is insisted that the court below erred in refusing appellant's second instruction. It no doubt embraced a correct principle of law, but the same principle was contained in appellant's second instruction which had been already given. This being the fact, the court below, as this court has repeatedly held, was not bound to repeat it. When the jury are once clearly and accurately instructed on a question, that should suffice, as they are presumed to be as capable of comprehending it thus given, as if repeated. So of the fifth of appellant's instructions. The rule it announced was clearly and

unqualifiedly stated in appellee's first instruction, as a condition to his right of recovery. And as the instruction is short, clear, and to the point, we can not believe the jury could have failed to fully comprehend its full import, and if so they were properly instructed on that question. The principle announced could have acquired no additional potency by being repeated. We perceive no error in giving or refusing the instructions.

After a careful examination of the evidence we are of opinion that it sustains the verdict. Perceiving no error in this record the judgment of the court below is affirmed.*

*Judgment affirmed.*

---

*TOLEDO, PEORIA & WARSAW RAILWAY COMPANY v. JOSEPH LAW. APPEAL from the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Mr. JUSTICE WALKER :

The facts in this case are substantially the same as those in the case of these appellants v. *Bray, ante,* and the questions presented in both are also the same. We, therefore, deem it unnecessary to again discuss the questions, and the judgment of the court below is affirmed for the reasons assigned in that case.

*Judgment affirmed.*