## Chicago, Burlington and Quincy R. R. Co.

### *v.*

## Abner Bradfield.

1. Negligence—*in running railroad trains.* If an animal suddenly leap upon the track, so near in front of an engine that it is impossible to stop, within a village, where fencing the track is not required, and where cattle are accustomed to graze, it is not negligence on the part of the engineer, to omit to sound the alarm whistle or "slow" the train, although he may, in fact, have seen the animals grazing near the track from a distance of sixty rods.

2. Negligence consists in the failure to do something which ought to be done; or it may be wilful.

Appeal from the Circuit Court of Fulton county; the Hon. Chauncey L. Higbee, Judge, presiding.

---

This was an action brought by appellee before a justice of the peace, to recover for a cow killed by the train of appellant while approaching the station in the town of Avon, resulting in a verdict of $50 and costs for appellee. Appeal was taken to the circuit court, and on trial by the court the judgment was affirmed. To reverse this judgment appellant brings the case to the supreme court.

Mr. S. CORNING JUDD, for the appellant.

Messrs. SHOPE & GRAY, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The injury in this case occurred upon an open piece of ground, within the limits of an incorporated town, where cattle were accustomed to graze, and where the company was not bound to fence.

The engineer sounded the whistle at the usual place upon approaching the station, slackened the speed of the train, and rang the bell continuously from the whistling post until the collision happened. He had been an engineer for some years; had often seen cattle feeding upon this common; could have seen them, on the morning of the accident, from a half to one mile in advance of the train, and did see them, at the time of the injury, for some distance ahead: some lying down, and some standing up and feeding, but none nearer than fifteen feet to the railroad track. The cow which was struck came upon the track one rod and a half or two rods in advance of the locomotive, so that it was physically impossible to stop the train and avoid the collision.

The only grounds for the imputation of negligence to the engineer, are, that he did not sound the alarm whistle, and that he did not stop the train.

Under the circumstances it was no want of ordinary care not to sound the alarm whistle. The engineer had frequently

seen the cattle feeding there ; had passed them without accident or apparent danger, and had no reason to anticipate the injury which ensued.    Besides, the testimony uncontradicted, is, that the alarm would as probably have impelled the cattle upon the track as it would have driven them away from it.

Neither can the omission to "slow" or stop the train be regarded as negligence.    Negligence consists in the failure to do something which ought to be done ; or it may be wilful. There is not a single fact in the case to prove wilful negligence, and we do not think that the presumption of any negligence, whatever, can be indulged.

In determining as to negligence in a given instance, we must look at all the surrounding circumstances, and examine carefully the character of the act.

There was, under the facts proved, no special duty incumbent upon the engineer.    He was only required to manage the locomotive and guide the train so as to avoid all apparent or probable danger.    He was not bound to foresee or guard against improbabilities.

It is true, as stated by the engineer, that the injury might have been prevented by stopping the train, but the stoppage of trains upon every vague apprehension of danger would greatly interfere with the successful operation of railway companies, and it should not be required without some reason.

From the proof, the engineer had no cause to fear the collision, and his omission to use the precautions suggested was not negligence.

The judgment is reversed and the cause remanded.

*Judgment reversed.*