The Quincy, Alton and St. Louis Railroad Co.

*v.*

Jobst H. Wellhoener.

1. Negligence—*in railroads—failure to ring bell or sound whistle does not, of itself, create a liability.* It is not enough, to create a liability for stock killed by a railroad train, to prove the bell was not rung or the whistle sounded. It must be made to appear, by facts and circumstances proved, the accident was caused by reason of such neglect.

2. Same — *burden of proof on the party charging.* The burden of proving negligence rests on the party alleging it; and when the plaintiff charges negligence on the part of the defendant, and the evidence is equally balanced, the law is for the defendant, and no recovery can be had.

Appeal from the Circuit Court of Adams county; the Hon. Joseph Sibley, Judge, presiding.

Mr. B. T. Scofield, and Messrs. Wheat, Ewing & Hamilton, for the appellant.

Messrs. Carter & Govert, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

This action was to recover the value of a cow, killed by the engine and cars on appellant's road. It is admitted it was killed on the crossing of a highway over the railroad track, between the cattle guards. No question is raised that appellant had not properly fenced its road, and constructed good and sufficient cattle guards, at the crossing where the accident occurred. It is contended the company is liable on account of the negligence of its employees in charge of the train in failing to ring the bell or sound the whistle before reaching the crossing, and in running the train at an unusual rate of speed.

We are always reluctant to disturb the finding of a jury, and especially where the amount involved in the controversy is trifling; but the verdict in this case is so manifestly against the weight of the evidence, we are constrained to reverse the judgment rendered thereon.

There is no pretense the company can be held liable for stock killed on a public road crossing, unless the employees have been guilty of negligence or willful misconduct in the management of the train.

The cow was killed in the dusk of the evening. There is not a particle of evidence showing, or even tending to show, the engine-driver saw or could have seen her on the track in time to have stopped the train and avoided the collision.

This case, in its facts, is totally unlike the case of *The Chicago and Northwestern Railway Co.* v. *Barrie*, 55 Ill. 227, cited by counsel, and is not an authority in point. There, it was positively proven the cattle on the track were seen, or at least could have been, by the engine-driver in ample time to have stopped his train, but this record contains no such evidence.

This court has repeatedly decided, it is not enough, to create a liability for stock killed by a railroad train, to prove the bell was not rung or the whistle sounded. It must be

made to appear, by facts and circumstances proven, the accident was caused by "reason of such neglect." *Chicago and Rock Island Railroad Co.* v. *McKean,* 40 Ill. 218.

The burden of proving negligence rests on the party alleging it. This record contains no reliable evidence that the servants of the company in charge of the train were guilty of any negligence whatever.

Appellee called but two witnesses on the point whether the bell was rung. One of them, Mary Meekamp, states she was standing about one hundred and fifty steps from the crossing when the train passed, but can not tell whether the bell was rung before reaching the crossing. She thinks it was not rung, but says, on cross-examination. that she does not remember whether she paid any attention to it. The other witness was a colored man. . He exhibits such a low grade of intelligence, that very little reliance can be placed on his testimony. But he states he did not hear the bell rung; thinks it was not, and gives as reason for his belief, it always frightens his horse, and that he was not frightened on that occasion.

On the other hand, the proof shows there was a bell on the engine that was rung by steam. The engine-driver and the fireman both testify they remember, distinctly, the fact a cow was killed on the crossing at Kirk's Mill ; that the bell was rung ; that it had been ringing for miles before reaching the crossing, and that it was not stopped until the train reached the depot, at Quincy. Being rung by steam, it was kept ringing continuously while the train was in motion. Both witnesses testify to this fact. With what propriety can it be said this positive testimony is overcome by the negative recollection of appellee's witnesses. The most favorable view that could possibly be taken would be to say, the evidence is equally balanced. In that event, the law is for the defendant, and no recovery could be had. But this would be an unfair view to take. It greatly preponderates in favor of appellant.

There is no warrant in the evidence for saying the train was run at an unusual rate of speed. The testimony offered to prove that fact is not of such a character as to make any impression on the mind.

The judgment must be reversed.

*Judgment reversed.*