Syllabus.

## Indianapolis, Bloomington and Western Railway Company

*v.*

## William W. Hall.

*Filed at Springfield March 29, 1883.*

1. Negligence—*speed of railway trains—as affecting liability for negligence.* A railway company may run its trains at any rate of speed it chooses, so that, when taken in connection with the character of the road, its grades, curves, etc., and the various other questions affecting the question of safety, it appears it does not increase the ordinary risks and dangers incident to travel by rail. So long as the increased speed of trains adds nothing to the dangers and risks of the traveling public, the courts have no right to interpose. Subject to this limitation, railway companies have the right to fix the rate of speed of their trains as they think best.

2. Such companies may run their trains at such speed as, under all the circumstances, shall comport with the rule of law which requires them to exercise a high degree of care for the safety of passengers, and whether a given rate of speed is dangerous or not is to be determined by the surrounding circumstances, such as, condition of the track, fencing of right of way, etc.

3. Instruction—*construed, as to whether the running of a train of cars at a certain speed is negligence.* In an action on the case for a personal injury, against a railway company, on the alleged ground of negligence in running and operating its train, and in running the train at a high and dangerous rate of speed, the court, on behalf of the plaintiff, instructed the jury that "if such train was being run by the employés of the defendant at a high and dangerous rate of speed, such speed being so high and dangerous as to become a negligent management of the train, and that such accident resulted in consequence thereof, the jury will find the issues for the plaintiff." The proof showed that the train, at the time of the accident, was running at the rate of fifty miles an hour, and upon a straight line, on which an animal on the track might have been seen in ample time to have checked the speed of the train: *Held,* that the instruction was not liable to the objection that it announced that a given high rate of speed for a passenger train was a dangerous rate, which would of itself render the company liable for damages arising from accident.

Appeal from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. N. J. Pillsbury, Judge, presiding.

This was an action on the case, by William W. Hall, against the appellant, to recover damages for a personal injury alleged to have been caused by negligence, as stated in the opinion of the court.

Messrs. Rowell & Hamilton, for the appellant:

A high rate of speed can only become carelessness when connected with careless and negligent surroundings, such as, where the track is negligently constructed, and out of repair. *Toledo, Wabash and Western Ry. Co.* v. *Apperson*, 49 Ill. 480; *Peoria, Pekin and Jacksonville R. R. Co.* v. *Reynolds*, 88 id. 418.

The rate of speed at which a passenger train is run is not, *per se*, negligence, so as to make the company liable for an accident resulting in his injury. Shearman & Redfield on Negligence, (3d ed.) 560, sec. 478; 1 Thompson on Negligence, 505; *Heazle* v. *Indianapolis, Bloomington and Western Ry. Co.* 76 Ill. 501.

On a contested point of evidence, negligence is a question of fact, but when the material facts are admitted, then it is a question of law whether those facts constitute negligence. *Chicago, Rock Island and Pacific R. R. Co.* v. *Boyce*, 73 Ill. 513.

Mr. James S. Ewing, for the appellee:

We deny the proposition that any rate of speed whatever may not, in itself, amount to negligence, and there was no error in the giving or refusing of instructions in respect to this point.

In determining the question of negligence on the part of the railway company, the jury had a right to consider the rate of speed at which the train was being moved, together with all the surrounding circumstances. This view is supported by *Toledo, Wabash and Western Ry. Co.* v. *Apperson*, 49 Ill. 400; *Peoria, Pekin and Jacksonville R. R. Co.* v. *Reynolds*, 88 id. 418.

Mr. Justice Mulkey delivered the opinion of the Court:

This was an action on the case, brought by William W. Hall, the appellee, against the Indianapolis, Bloomington and Western Railway Company, the appellant, in the circuit court of McLean county, to recover for injuries received by appellee while a passenger on the train of appellant, alleged to have been occasioned by the negligence of the appellant's servants and employés in running and operating its train. There was a trial upon the merits before the court and a jury, resulting in a verdict and judgment in favor of the plaintiff for $1125, which was subsequently affirmed by the Appellate Court for the Third District, and the case is brought from that court to this for review.

The declaration charged, in the usual way, negligence, generally, on the part of the company's servants in running and operating its train, and also, specially, that at the time of the accident the train of the company was running at a high and dangerous rate of speed, whereby the injuries in question were occasioned. These allegations of fact were put directly in issue by the appellant's plea of not guilty, and it is conceded the finding of both the lower courts upon the issues thus raised conclusively settles all controverted facts adversely to appellant.

The immediate cause of the injury was the train striking a cow on the track, which threw most of the cars off the rails, and upset and ditched the one in which appellee was riding. The train was a fast express, running, at the time, about fifty miles an hour,—schedule time. The road-bed, rolling stock, machinery, etc., so far as the record discloses, were all first class, and in good condition, and the accident occurred on a straight stretch of road, so that, assuming there was sufficient light, a cow or other object of that size on the track might have been seen by the fireman or engineer, had they been on the lookout, in ample time to have avoided the col-

lision.    The accident occurred early in the morning, and, as appellant contends, when, by reason of falling rain, mist and darkness, it was impossible for one to have seen a cow, or other like object, but a few yards in advance of the train. On the other hand, appellee contends that there was neither mist nor rain, and that it was so light that the cow might easily have been seen at least a half mile in advance of the train, and in ample time to have checked it up, had those in charge of it been on the lookout, as they should have been. There is evidence in the record tending to establish both these claims.    It is therefore clear that on the trial the turning point in the case was, whether the jury would adopt the one or the other of these theories,—or, in other words, whether they would believe appellant's or appellee's witnesses. The result of the trial shows they believed the latter, and consequently we must accept appellee's theory of the case as the true one.    Such being the case, it is clear the judgment of the Appellate Court must be affirmed, unless it shall appear there is error of law upon the face of the record.

The only instruction given to the jury, at the instance of appellee, to which appellant's counsel, in their brief in this court, take any exception, is the following:

"If said train was being run by the employés of the defendant at a high and dangerous rate of speed, such speed being so high and dangerous as to become a negligent management of the train, and that such accident resulted in consequence thereof, then the jury will find the issues for the plaintiff."

We see no objection to this instruction.    It simply tells the jury, in substance, that if they find the train was run by the servants of the company at so high and dangerous rate of speed as to become a negligent management of such train, and that the accident causing the injury of appellee resulted therefrom, they should find the issue for the plaintiff.    As we understand counsel for appellant, it is claimed that the

circuit court, by the giving of this instruction, and refusing others asked by appellant, in effect held as the law of the case, "that a given high rate of speed for a passenger train was a dangerous and negligent rate, which would, of itself, render the company liable for damages arising from accident." We fail to see anything in the instruction cited, or in the refused instructions referred to, which warrants the conclusion which appellant draws from them. And that the circuit court did not understand or hold the law as claimed by appellant's counsel, is manifest from the following instruction, which was given to the jury on behalf of appellant:

"The jury are instructed that railway companies are permitted by law to run their passenger trains at such high rate of speed as, under all the surrounding circumstances and conditions of train, track, etc., shall comport with the rule of law which requires them to exercise a high degree of care for the safety of the passengers; *and whether a given rate of speed is dangerous or not, is to be determined by the surrounding circumstances, such as, condition of the track, fencing of right of way, that management of the train as shown by the testimony,* and it must be such a degree of danger as is not ordinarily incident to railway travel."

This instruction is a fair and accurate presentation of the law of the case, so far as the speed of the train was concerned. Whether the running of a train at any supposable rate of speed, without reference to any other conditions, would be regarded as negligence *per se*, is not presented by this record, and it is difficult to conceive how such a question could arise. So many conditions necessarily enter into the question as to what rate of speed a passenger train may run with due regard to the safety of passengers, it is not perceived how any general rule could be laid down on the subject, unless it be the general proposition that however great the speed with which a train is moved, such speed, when taken in con-

nection with the character of the road, its grades, curves, etc., and the various other conditions necessarily affecting the question of safety, it must not materially increase the ordinary risks and dangers incident to traveling by rail. So long as the increased speed of trains adds nothing to the dangers and risks of the traveling public, courts have no right to interpose. Subject to this limitation, railway companies have the unquestioned right to fix the rate of speed as they think best.

We are clearly of opinion the court properly refused appellant's first, fourth, fifth and sixth instructions. As to the first, it is so wanting in perspicuity that it was liable to mislead the jury, and should have been refused for that reason. Neither of the others laid down any principle of law applicable to the facts before the jury. In short, we find no error in the record. Indeed, we have seldom found a record so entirely free from error.

The judgment will be affirmed.

*Judgment affirmed.*