# WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY
## v.
## SAMUEL KROUGH.

1.  PROPERTY ON RAILROAD TRACK—DUTY OF ENGINEER.—As soon as an engineer has become cognizant of the fact that either person or property is in danger of being injured by his train, or if in the exercise of a proper degree of care and caution he might have become so cognizant, it is his duty to do what he can to avoid an injury, and a failure to do so would be negligence on his part, more or less aggravated by the circumstances of the case.

2.  SAME.—An engineer, however, has a right to expect that when a human being is upon the track or is in the act of approaching it in view of a train in motion, such person will act with reasonable care and caution respecting his own safety, and in such case he may govern himself accordingly. In this case, the engineer was not grossly negligent in not sounding an alarm, as the impending danger was not so great as to call for instant action on his part.

3.  CONTRIBUTORY NEGLIGENCE.—Where a boy, who was appellee's agent in the management of a horse, rode the horse without a bridle upon a railway track and seeing the approaching train, attempted to get the horse off the track in time but failed, and the horse was killed. *Held*, that it was the negligence of appellee's agent that contributed to the injury and appellee can not recover.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed September 21, 1883.

Mr. J. S. LOTHROP, for appellant; that being a village, appellant was not bound to fence, cited T. W. & W. R'y Co. v. Spangler, 77 Ill. 568; C. & A. R. R. Co. v. Engle, 58 Ill. 381; T. W. & W. R'y Co. v. Chapin, 66 Ill. 504.

Appellant not being bound to fence, is responsible only for gross negligence or wantonness: I. C. R. R. Co. v. Phelps, 29 Ill. 447; I. C. R. R. Co. v. Goodwin, 30 Ill. 117; Great West. R. R. Co. v. Morthland, 30 Ill. 451; G. & C. U. R. R. Co. v. Griffin, 31 Ill. 303.

Persons crossing a railroad track are bound to know that such an undertaking is dangerous, and must take all proper

precautions to avoid accident: C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; I. C. R. R. Co. v. Hetherington, 83 Ill. 510; C. & N. W. R'y Co. v. Ryan, 70 Ill. 211; I. C. R. R. Co. v. Goddard, 72 Ill. 567; C. R. I. & P. R'y Co. v. Bell, 70 Ill. 102.

The failure of the boy to use his eyes, is greater negligence than the failure to give the usual signal: St. L. A. & T. H. R. R. Co. v. Manly, 58 Ill. 300; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88.

Parties crossing a railroad track at place other than public crossing take all the risk of injury to themselves: I. C. R. R. Co. v. Hall, 72 Ill. 222; I. C. R. R. Co. v. Hetherington, 83 Ill. 510; I. C. R. R. Co. v. Hammer, 72 Ill. 347; I. C. R. R. Co. v. Godfrey, 71 Ill. 500; L. S. & M. S. R. R. Co. v. Hart, 87 Ill. 529.

As to instructions upon comparative negligence: C. & N. W. R'y Co. v. Coss, 73 Ill. 394; E. St. L. P. & P. Co. v. Hightower, 92 Ill. 139; The President, etc., v. Carter, 2 Bradwell, 34; C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 425; City of Winchester v. Case, 5 Bradwell, 486.

Messrs. GERE & BEARDSLEY, for appellee; as to rate of speed, cited T. W. & W. R'y Co. v. McGinnis, 71 Ill. 346; T. W. & W. R'y Co. v. Miller, 76 Ill. 278; C. & A. R. R. Co. v. Engle, 84 Ill. 397; Wabash R'y Co. v. Henks, 91 Ill. 413; C. & A. R. R. Co. v. Gregory, 58 Ill. 226.

Due allowance must be made for the fact that the boy may not have exercised as good judgment as one older: C. B. & Q. R. R. Co. v. Dewey, 26 Ill. 258; C. & A. R. R. Co. v. Murray, 71 Ill. 601.

A railroad company must use care in approaching places where people are crossing frequently: Butler v. M. & S. R'y Co. 28 Wis. 487; Townley v. C. M. & St. P. R'y Co. 53 Wis. 626.

As to instructions upon *reasonable* care: T. P. & W. R'y Co. v. Foster, 43 Ill. 415; G. & C. U. R. R. Co. v. Dill, 22 Ill. 264; Great West. R. R. Co. v. Haworth, 39 Ill. 348; C.

& A. R. R. Co. v. Pennell, 94 Ill. 455; C. & N. W. R'y Co. v. Donahue, 75 Ill. 106.

McCulloch, P. J.   This suit was commenced by appellee against appellant to recover the value of a horse killed by one of appellee's freight trains within the limits of the village of Foosland.   It appears from the evidence that as the train approached the village the whistle upon the engine was sounded at the usual place, but, there being no occasion for the train to stop at that point, it continued on its way through the village at the rate of from twelve to fifteen miles per hour.   Witnesses who saw the horse killed say they heard no bell, but the fireman says he rang the bell all the way through the village until about the time of the accident.

Appellee had gone from home and left his horse in charge of a boy about twelve or thirteen years of age, who, it appears, was a competent person to have charge of it.   During the night time the horse got away from appellee's place, east of appellant's track, and in the morning, about six o'clock, was found by the boy in an inclosure west of and adjoining appellant's right of way.

From this inclosure the boy led the horse through a gate, into appellant's right of way some distance south of the station house.   There he mounted the horse, and with nothing to guide or control him but a halter, rode north along the fence, to a point about fifty feet south of the station house, where he turned east, and, passing the station house, went upon the railroad track.   At this time the incoming train appears to have been about three hundred feet north of him and in full view.   The engineer saw him come from behind the station house, and stop upon the track.   There is no evidence that the boy actually knew of the approach of the train before attempting to go upon the track, but it seems almost incredible that a train could have been so near him without his knowing it.   That he did see the train when he went upon the track is evident from his own statement, made to the section foreman at the time of the accident, as well as from the testimony of both the engineer and the fireman,

who testify he stopped upon the track and looked at the approaching train.

When on the track, the boy became alarmed, leaped from the horse, let the halter drop out of his hands, and fled up an embankment for his own safety. The horse then ran south along the track until he encountered a cattle guard at the southern boundary of the village, where he was killed by the train.

The engineer testified that when he saw the boy upon the track, both boy and horse appeared to stand quite a little while looking at the engine; that supposing the boy would go off the track before the engine got to him, he did nothing until he saw him leap from the horse; that then he called for brakes, which were immediately and well applied, but the train could not be stopped in time to save the horse.

The fireman corroborates this statement very fully, and adds to it the further fact, that while the boy was on the track he saw him kick the sides of the horse as though trying to get him to move.

The boy was not examined as a witness upon the trial, but on the morning of the accident he said to the section foreman that as he was crossing the track he saw the train coming and could not get the horse along; that the horse became frightened and he jumped off to save himself.

The foregoing facts appear to be well established by the evidence. There is some controversy as to whether or not there was a public street where the boy attempted to cross the track, but in the view we take of the case we do not deem it necessary to determine that point. Assuming it to have been a public street, does the evidence contained in this record show a right of recovery?

It is no doubt the law that as soon as an engineer has become cognizant of the fact that either person or property is in danger of being injured by his train, or if in the exercise of a proper degree of care and caution he might have become so, it is his duty to do what he can to avoid the injury, and a failure to do so would be negligence on his part, more or less aggravated by the circumstances of the case. Thus, where an

engineer saw a loaded wagon on the track with no one near it (C. & A. R. R. Co. v. Hogarth, 38 Ill. 370), or where he saw a herd of cattle crossing the track (C. & A. R. R. Co. v. Kellam, 92 Ill. 245), or where he saw an animal actually upon the track (Shuman v. I. & St. L. R. R. Co. 11 Bradwell, 472), in time to have avoided the accident by stopping the train or slackening its speed, it was held to be his duty to do so.

But he has a right to expect that when a human being is upon the track, or is in the act of approaching it, in view of a train in motion, such person will act with reasonable care and caution respecting his own safety, and in such case he may govern himself accordingly. (St. L. A. & T. H. R. R. Co. v. Manly, 58 Ill. 300; C. B. & Q. R. R. Co. v. Damerell, 81 Ill. 450; C. & A. R. R. Co. v. Gretzner, 46 Ill. 75; C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 512.)

So in this case the engineer had a right to expect the boy to do as all reasonably prudent boys would have done under the same circumstances, which was to get out of the way of the approaching train, and not to expose himself or his horse to danger. It is possible that in the exercise of a very high degree of care, the engineer ought to have sounded an alarm to warn the boy of his danger, and his omission to do so may have been negligence. But can it be said that it was gross negligence on his part not to sound an alarm under those circumstances? We can not see how that could be. Gross negligence is defined to be the want of slight diligence, or that degree of carelessness which comes next in the eye of the law to wanton or intentional wrong-doing. C. B. & Q. R. R. Co. v. Johnson, *supra*. It can not be said that the impending danger was so great as to call for instant action on the part of the engineer to avoid it. The boy had an abundance of time to clear the track before the engine could come to the crossing. This the engineer had a right to expect he would do, and not until he saw some sign of actually impending danger, and failed to exercise the requisite precautions to avoid it, could he be said to be grossly negligent.

If the engineer was not guilty of gross negligence, then the

question becomes a pertinent one, whether or not the boy was free from fault. It is now the recognized rule in this State, that where the plaintiff is guilty of negligence, contributing to the injury, no recovery can be had, unless the defendant has been guilty of gross negligence. C. B. & Q. R. R. Co. v. Johnson, *supra;* Springfield City R'y Co. v. De Camp, 11 Bradwell, 475.

To say that this boy was guilty of no negligence in riding the horse upon the track without a bridle to guide and control him whether he knew the train was approaching or not, is to impeach the good sense and sound judgment of all reasonable men. If he knew the train was coming, he was old enough to know it was dangerous for him to attempt to cross. If he did not know it was coming, he ought to have known it, for it was in full sight before he got upon the track. Had there been a bridle on the horse it is more than probable he would have cleared the track, but having no bridle, it was nothing but natural that upon the first signs of the horse becoming frightened the boy should think of his own safety and leap from the horse's back. In this view the want of a bridle may have greatly enhanced the danger. Had the boy been killed instead of the horse, we must, in view of a long line of authorities in this State, have said that his own negligence very greatly contributed to his death, and that the engineer was not guilty of gross negligence. In this case the negligence of the boy must be imputed to appellee, whose agent he was in the management of the horse. We are therefore of the opinion that the evidence fails to show a right of recovery, and for this reason the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.