CHICAGO, MILWAUKEE & ST. PAUL RAILROAD COMPANY

v.

ALMINA R. PHILLIPS.

1. ATTORNEY'S FEES—COMMON LAW AND STATUTORY NEGLIGENCE.—A declaration consisted of one count in which appellant was charged with killing a colt on account of actual negligence in running a train, and again, statutory negligence in not fencing the road. There was evidence tending to show the appellant guilty of actual negligence aside from the question of fencing. The court instructed the jury that appellee had a right to recover for attorney's fees in any case of the right to recover for the killing of the colt. *Held*, that such instruction was improper. Recovery of attorney's fees is purely a statutory right. Attorney's fees could only be recovered if the loss of the colt was chargeable to the statutory negligence in not fencing; but if the loss was chargeable to common law negligence, only the value of the stock could be recovered, and not attorney's fees in addition.

2. NEGLIGENCE—DUTY OF ENGINEER.—If an engineer or person conducting a train see cattle on the track and can by ordinary care, caution and diligence avoid injury to them, he is bound to do so, and if he fails the railroad company is liable, no matter if the owner of the stock was negligent in allowing his cattle to get on the track.

APPEAL from the Circuit Court of Winnebago county; the Hon. JOHN V. EUSTACE, Judge, presiding. Opinion filed February 29, 1884.

This was a suit commenced by the appellee against the appellant to recover the value of a colt, the property of appellee, killed by the locomotive of the appellant on its railroad track.

There is but one count in the declaration, and in that the

appellant is charged with killing the colt on account of actual negligence in running the train, and again, statutory negligence in not fencing the road as the statute requires. A claim is also set up for recovery under the statute requiring roads to be fenced, for reasonable attorney's fees for such services as the attorney for the plaintiff should perform in the case, in the circuit court or any court to which the case might be appealed. The verdict shows that appellee recovered $110 for the colt and $50 for attorney's fees.

There was evidence in the case tending to show that the appellant was guilty of actual negligence outside the question of the fencing.

The 6th instruction given for the appellee told the jury that the appellee had a right to recover for attorney's fees in any case of the right to recover for the killing of the colt and is as follows:

" If you find from the evidence that the plaintiff is entitled to recover in this action, then the court instructs you that the plaintiff's measure of damages against the defendant is the fair cash value of the colt in question, at the time and place the same was killed, and also such reasonable attorney's fees for services rendered in this court, as you may believe from the evidence the plaintiff is entitled to recover."

There was a conflict in the evidence, whether or not the gate at Bennett's crossing, where it was claimed the colt escaped from the pasture from Bennett's field onto the railroad right of way where it was killed, where it had strayed from Sheppardson's pasture where the colt was kept, was a good and lawful gate. If the gate was good, then the appellant would not be liable unless guilty of negligence in running the train.

And it was claimed by appellee that even if the gate and fence there were such as the law required, yet there was actual negligence on the part of appellant in not carefully running the train, by means of which the colt was killed and the appellant thereby rendered liable; and such issue was fairly submitted to the jury by appellee's 7th and 10th instructions and appellant's 2d, 4th, and 6th instructions. This is the

only statement of facts there need be made in order to properly decide the case, except as are stated in the opinion.

Mr. WILLIAM LATHROP, for appellant; that by the public policy in this State, an express statute is required to enable a party to recover attorney's fees, cited Dowty v. Holtz, 85 Ill. 525; Litch v. Boyington, 84 Ill. 179.

Mr. N. C. WARNER, for appellee; that a complaint is not to be deemed to unite several causes of action, simply because it sets forth several grounds on which the defendant might be liable in respect to the same transaction, cited Walters v. Ins. Co., 5 Hun, 343; The People v. Tweed, 63 N. Y. Appeals, 200.

LACEY, P. J. The judgment in this case will have to be reversed on account of the error in the court in giving the 6th instruction on the part of the appellee, and it will not be necessary to notice all other assignments of errors, as on a new trial the court below may correct them, if any.

It will be seen by the two issues presented by the double count charging the appellants with common law negligence and also statutory negligence in not fencing, and by the evidence and instructions, that it is impossible to tell which charge the jury found the appellant guilty of and to which act of negligence the death of the colt was attributable.

If the loss of the colt was not chargeable to the want of a good and sufficient fence, and was chargeable to common law negligence in running the appellant's train, then, under the statute, it is plain that no amount could be recovered for attorney's fees, for such fees can be recovered only where the railroad fails to fence as required by the statute, and damage accrues on account of it, for the recovery of attorney's fees is purely a statutory right.

Sec. 48, Chap. 114 of the Revised Statutes, after providing the manner in which railroads shall be fenced, then further provides: "when such fences and cattle guards are not made as aforesaid, or when such fence and cattle guards are not kept in good repair, such railroad corporations shall be liable for all damages which may be done by the agents, engines or cars

of such corporation, to such cattle, horses, hogs, sheep or other stock thereon, and reasonable attorney's fees in any court wherein suit is brought for such damages or to which the same may be appealed; but where such fences and guards have been duly made and kept in good repair, such railroad corporation shall not be liable for any such damages unless negligently or willfully done."

If the statute did not contain the restrictive clause, there could be no possible doubt that no recovery for attorney's fees could be had in a case where a good and sufficient fence was built and maintained. Then do the words " but where such fence and guards have been duly made and kept in good repair, such railroad corporation shall not be liable for any such damages unless negligently or willfully done," change the law and make the company liable for attorney's fees in the case of negligence or willfulness, and not through want of fence?

The purport of it is that *none* of the damages specified in the first part of the section, neither the value of the stock nor the attorney's fees, shall be collected unless such stock is killed " negligently or willfully."

The statute does not provide, unless it be by necessary implication, that in case the fence *is* good and sufficient, and the stock is killed " negligently or willfully," there *shall* be recovery for the value of the attorney's fee *and* the stock. Is it a necessary implication that both are to be recovered for? We think not; at common law, only the value of the stock could be recovered for, not attorney's fees; and the legislature designed by this restrictive clause to make it clear that it did not intend to deprive the injured party of his remedy at common law, but as we think, did not intend to amend the common law so as to enlarge the measure of damages in case there was no fault in the fencing.

The object of the statute was to compel the fencing of railroads in the State and remedy the evils growing out of their remaining unfenced; and to accomplish its aim it fixed a penalty by the way of enlarged damages in case of loss in consequence of the fencing not being done and kept in repair.   To allow

damages for attorney's fees where the road was not fenced, would create a strong incentive on the part of a railroad corporation to obey the law in regard to fencing, but it would not be *more* obvious that the legislature intended to enlarge the damages by allowing attorney's fees to be collected in case of negligence in killing stock where there was no fault in fencing than there *would* be in numerous other instances where damages may occur on account of the negligence of the employes of railroad companies; attorney's fees under this section not being collectible, it follows that the 6th of appellee's given instructions was erroneous, for, by that instruction, in case any recovery was had on any ground, the jury were told that appellee had the right to collect attorney's fees. The Appellate Court of the Third District has taken a similar view of this statute: W. St. L. & P. Ry. Co. v. Neekirk, 13 Bradwell, 387. We see no objection to the modification of the appellant's second and third instruction by striking out the words " willfully and maliciously," and inserting " with want of ordinary care, caution and diligence."

If the engineer or conductor or person conducting a train see cattle on the track, and can, by ordinary care, caution and diligence, avoid injury to them, he is bound to do so, and if he fails, the corporation is liable, no matter if the owner of the stock was negligent in allowing the cattle to get on the track; but if the owner was negligent in allowing his cattle to get on the track, and it was not under the circumstances probable that the stock would be there, the engine driver might not be required to keep so sharp a lookout to discover the cattle as he otherwise would. T. P. & W. Ry. Co. v. Bray, 57 Ill. 514; C. & A. R. R. Co. v. Kellam, 92 Ill. 245; C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512. The 7th of appellee's instructions is erroneous in not being guarded enough in limiting the time in regard to the exercise of ordinary care from the time the engine driver saw the colt.

If the road was fenced with a good fence, the engine driver would not be required to keep looking out for stock on the track—he would rely on the fact that the fence was put there to keep stock off, and would not be expecting any. See the

Johnson case above. For the above reasons the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.