## Terre Haute and Indiana Railroad Co.
### v.
### Jacob Jenuine.

1.  Duty of engineer.—If an engineer sees a human being upon or approaching the track, he has a right to presume such person will be governed by an intelligent judgment as to the approaching danger. But he has no right to indulge in any such presumption in the case of a dumb brute. If he discovers an animal approaching the track in an attitude of danger, he must govern himself accordingly. But these rules apply only in cases of known or apparent danger. If an animal comes suddenly upon the track so close to the engine as to render all efforts to save its life unavailing, no action for negligence can be maintained.

2.  Failure to give statutory signals.—Where there is a failure to ring the bell or sound the whistle as required by statute, to create a liability for stock killed, it must be made to appear by facts and circumstances proved, that the accident was caused by such neglect.

3.  Negligence.—While negligence is a question of fact for the jury, yet it is the province of the court to lay down the rules by which the jury is to be governed in determining what is negligence.

4.  Speed.—The court is unable to discover any omission of duty in regard to the speed of the train. The evidence does not disclose the existence of any special circumstance rendering it necessary for the engineer to adopt any other or higher degree of precaution than at the usual crossings of highways in the country.

Appeal from the Circuit Court of Cumberland county; the Hon. W. C. Jones, Judge, presiding. Opinion filed January 16, 1885.

Mr. John G. Williams, Mr. Levi N. Brewer and Mr. T. J. Golden, for appellant; cited C., B. & Q. R. R. Co. v. Bradfield, 63 Ill. 220; Q. A. & St. L. R. R. Co. v. Wellhoener, 72 Ill. 60; C., B. & Q. R. R. Co. v. Lee, 68 Ill. 576; I. B. & W. Ry. Co. v. Hall, 106 Ill. 371.

Messrs. Brady & Whitehead, for appellee.

McCulloch, J.   This was an action on the case for negligence resulting in the killing of a cow. The place of the killing was in the suburbs, but within the corporate limits of

the village of Greenup, at the crossing of the main public highway leading into the village. At the place of the accident the railroad cuts into the north side of a hill, thereby necessitating a deep cut in the highway south of the railroad. East of the highway there is a curve in the railroad which prevents an approaching train from being seen at a greater distance than one hundred and fifty to two hundred yards. The train in question was approaching from the east, and the cow from the south. The cow could not see the approaching train, nor could the train men see the cow until about the time of the collision.

If the cow had been a human being, reasonable prudence would have required her to look in both directions to discover an approaching train as soon as she could have done so, and, failing in that, her negligence would have been so great as to prevent a recovery. This is the purport of numerous decisions of the Supreme Court and of this court upon that subject. But cows are not governed by human reason but go when and where their instinct leads them. If an engineer sees a human being upon or approaching the track he has a right to presume such person will be governed by an intelligent judgment as to the approaching danger. But he has no right to indulge in any such presumption in the case of a dumb brute. If, therefore, he discovers an animal approaching the track in an attitude of danger, he must govern himself accordingly. But these rules apply only in case of known or apparent danger. If an animal comes suddenly upon the track so close to the engine as to render all efforts to save its life unavailing, no action for negligence can be maintained. C., B. & Q. R. R. Co. v. Bradfield, 63 Ill. 220; P., P. & J. R. R. Co. v. Champ, 75 Ill. 577; T., P. & W. Ry. Co. v. Bray, 57 Ill. 514; C. & A. R. R. Co. v. Kellam, 92 Ill. 245.

In this case no negligence can be imputed to the engineer for not exercising proper diligence after seeing the cow, for he did not see her at all until she was struck by the engine· Nor can he be held guilty of negligence in not seeing her, for she came upon the track from the opposite side of the engine from that on which he sat, and the view was obstructed by

the smoke stack and forward part of the boiler. The fireman saw the cow as she came on the track but not in time to have done any good, as the train was then running at the rate of from thirty to thirty-five miles per hour.

The questions therefore presented are whether or not appellants' servants were guilty of negligence in running the train at a dangerous rate of speed, or in not giving the statutory signals, and whether or not the cow was killed by reason of such negligence.

We are unable to see from the evidence the existence of any special circumstance rendering it necessary for the engineer to adopt any other or higher degree of precaution than at the usual crossings of highways in the country. It is true that this was the main highway leading into the village, and persons were frequently passing over this crossing. The village authorities had not passed any ordinances limiting the speed of trains. It does not appear that there was any necessity for any such ordinance. The crossing in question was not in the populous part of the village, and except for the ordinary travel over it there seems to have been no special call for the exercise of any extraordinary care in approaching it. What the extent or amount of such travel was does not appear from the evidence. We are unable, therefore, to discover any omission of duty in this regard. C., B. & Q. R. R. Co. v. Lee, 68 Ill. 576; I., B. & W. Ry. Co. v. Hall, 106 Ill. 371; C. & A. R. R. Co. v. Robinson, 9 Bradwell, 89.

But even if the train was moving at a very high rate of speed the evidence fails to show that that was the cause of the accident. The proof is that the train, moving at a certain rate of speed, came into collision with a cow crossing the track. If it had been running at a slower rate the cow could have cleared the crossing before the arrival of the train. So if it had been running much faster it would have cleared the crossing before the arrival of the cow. Or if it had started a few moments earlier or a few moments later and ran at the same rate of speed, the collision would not have occurred. But the same may be said of the cow. Had she walked a little faster or a little slower or started a few moments earlier or

later the accident need not have occurred. There is no evidence that the cow had any regular time for crossing the track. So far, therefore, as the evidence shows, there was no necessity for appellant's regulating its time with reference to hers. In the absence, therefore, of all proof of the existence of special circumstances to show that the accident was the result of a highly dangerous rate of speed, the jury would not be warranted in finding appellant guilty of negligence from the speed of the train alone. Any rate of speed in a railway train is dangerous to cows upon the track, and if the train had been running at a much less rate of speed at the time of the accident, there is nothing to show that in the exercise of reasonable care, after discovering the cow, those in charge of the train could have prevented it.

So in regard to a failure to ring the bell or sound the whistle as required by the statute. In such cases it must be made to appear by facts and circumstances proved, that the accident was caused by such neglect. Q., A. & St. L. R. R. Co. v. Wellhoener, 72 Ill. 60; C. & R. I. R. R. Co. v. McKean, 40 Ill. 218. What facts and circumstances would be sufficient to create a liability must depend upon the proof in each particular case. Here the train was not in sight until within a short distance of the crossing on account of a curve in the track. In addition to this the cow and the train were hidden from each other by the cut in the highway. If the cow had been in charge of a human being it might reasonably be inferred that if the bell had been rung or the whistle sounded the warning would have been heard and heeded. But what extra precautions is a cow, unattended, expected to exercise under the same circumstances? She is certainly not expected to act as a human being. She can not read the sign board notifying her that she is about to cross a railroad. Can it be any more reasonably inferred that she would know that the ringing of a bell was a warning to her to keep off the track? It is preposterous to suppose that the same rules are to govern in the case of a dumb animal as in the case of a man.

These railroad signals are intended to serve some useful purpose and it would be idle to charge the companies with

Terre Haute and Indiana Railroad Co. v. Jenuine.

negligence in respect thereto when that purpose can not be subserved. Thus a sign board is useful to warn mankind against heedlessly approaching a railroad, but it would be idle to charge the company with negligence in not putting them up to serve as a warning for cows. In case of an injury to a cow by reason of such neglect there must be special circumstances shown, such as that the cow was in charge of a human being, who was thrown off his guard by its absence, before any liability would accrue.

So in the case of the ringing of a bell, whilst it is *prima facie* negligence to omit it, yet before a liability can arise therefrom it must appear in some way from the evidence that the injury was the consequence of such omission. In this case the evidence wholly fails upon that point. It was therefore error to submit it to the jury as was done in the second instruction. This instruction is proper in form but there was no evidence upon which to base it.

The first instruction is also faulty in allowing the jury to determine for themselves, without any definition of the import of those terms by the court, what was meant by "proper caution" and "gross negligence." Strattan v. Central City II. Ry. Co., 95 Ill. 25; Schmidt v. Sinnott, 103 Ill. 160; C., B. & Q. R. R. Co. v. Johnson, Ibid. 512. While negligence is a question of fact for the jury, yet it is the province of the court to lay down the rules by which the jury is to be governed in determining what is negligence. Pennsylvania Co. v. Conlan, 101 Ill. 93; L. E. & W. Ry. Co. v. Zoffinger, 10 Bradwell, 252; Springfield City Ry. Co. v. DeCamp, 11 Bradwell, 475.

For these reasons the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.