Peoria, Decatur & Evansville Ry. Co.
v.
John D. Reed.

Instructions.—Instructions which inform the jury that certain facts as a matter of law constitute negligence and which are not based on the evidence are erroneous. As the instructions on negligence given in this case were obnoxious to such objections, the case is reversed.

Appeal from the Circuit Court of Jasper county ; the Hon. William C. Jones, Judge, presiding. Opinion filed November 27, 1885.

Mr. J. L. Ryan and Mr. Wm. H. McDonald, for appellant.

Messrs. Stevens, Lee & Horton and Messrs. Gibson & Johnson, for appellee.

Green, J. This suit was commenced before a justice of the peace by appellee to recover the value of his horse, which was struck by appellant's train of cars and thereby fatally injured. A judgment was rendered by the justice against appellant from which it appealed to the Circuit Court of Jasper county, where a trial was had resulting in a verdict for appellee and a judgment thereon against appellant, to reverse which this appeal has been taken. On the trial below, it appeared from the evidence that appellee's horse was running at large, and in the night, coming from the east on the public highway it crossed the railway track, and turned south into a lane opening upon the highway, but closed by a fence at its south end, fenced on its west side by a plank fence, and sep-

arated from appellant's right of way by the railway fence of posts and five strands of barbed wire; from this lane the horse broke through the railway fence of appellant, ran down its track to or near a culvert, where it was struck by the train and so injured that it became necessary to kill it. No negligence at common law is imputed to appellant in the running or managing the train which struck the horse, but the only debatable ground upon which appellee could base a right to recover in this action is whether the wire fence at the place through which the horse broke into appellant's right of way was suitable and sufficient for the purposes named in the statute. Upon this point the evidence is that the fence had been built two years, and during that time had turned stock, and stock had been pastured in lots separated from the right of way by the same character of fence, and it had been sufficient to prevent their entering through it, upon the right of way. The fence was in good condition at the place where the horse broke through; had been originally four feet high there, but some dirt thrown out under the fence, reduced the height there and then to three feet and seven inches; the horse broke two or three strands of the wire in getting through the fence, and hence must have struck it with great force and violence. These facts taken by themselves seem to fairly show the performance by appellant of the duty imposed by the statute in respect to the building and maintaining fences inclosing its right of way; but it is urged on the part of appellee that the fence was not of sufficient height at the place where the horse broke through, and that wire strands used in the construction thereof could not be seen in the night so plainly and distinctly as boards, rails or hedges might be, and hence that suitable and sufficient material was not used in the construction of the said fence. Inasmuch as this case may be tried by another jury we decline expressing an opinion upon the facts, but hold that some of the plaintiff's instructions given to the jury by the court on the trial were erroneous and ought not to have been given.

The first of these instructions is as follows: " The jury are instructed as a matter of law, that it would be gross negli-

gence in persons in charge of an engine not to see and observe stock if they are on or near a railroad crossing at least 200 yards before reaching that point, if there was nothing in the way to prevent them seeing if they had looked."

This instruction informs the jury as a matter of law, certain facts constitute negligence. Negligence is not a legal question, but one of fact to be determined by the jury from the evidence. This is held in Myers v. I. & St. L. Ry. Co., Advance Sheets No. 3 of 113 Ill. p. 386 ; Brown v. City of Aurora, 109 Ill. 165 ; Chicago & Alton R. R. Co. v. Barber, 15 Bradwell, 633 ; Penna. Coal Co. v. Conlan, 101 Ill. 96.

This instruction is obnoxious to the further objection that it ignores the fact proven on the trial that at and immediately preceding the time the horse of plaintiff was struck, the night was dark and foggy, thus preventing those in charge of the engine at that time (as they testify) from seeing the horse until the engine was so close upon it that it was impossible to stop the train in time to avoid the collision.

Thus it appears that although nothing on the track (as the jury probably understood the instruction) *was in the way* to prevent those in charge of the engine from seeing the horse, yet darkness and fog did so operate, and that too without negligence on the part of defendant's employes.

The second instruction for plaintiff is this : " The law is that where by the use of ordinary care and diligence on the part of the servants of a railroad company, animals straying upon its track can be saved from injury, then it is the duty of such servants to exercise that degree of care, and a failure to do so, if proved, renders the company liable for any damage thereby sustained."

We fail to find any evidence in the record upon which to base this instruction ; no lack of care, or diligence on the part of those in charge of the engine and train of defendant, that in the slightest degree contributed to the injury complained of, was proven on the trial. Hence this second instruction was not applicable to the facts and ought not to have been given.

Plaintiff's third instruction informs the jury in substance : If the horse was in plain view of the engine driver and fire-

man and was seen or could have been seen by them by the use of ordinary care and attention, in time to have slackened the speed of the train and avoided the accident, and that no efforts were made by them in that direction, this was such negligence as renders the company liable, if plaintiff's own negligence did not contribute to the injury. This instruction is quite objectionable. It has no evidence to support it and is in violation of the rule laid down in the cases cited in support of our objection to plaintiff's first instruction. The fourth instruction given on behalf of plaintiff informs the jury, that in a suit against a railroad company for killing stock at a railroad crossing, a failure to ring a bell or sound a whistle, for a distance of eighty rods before reaching the crossing, constitutes a *prima facie* case of negligence against the company, provided such failure contributed to the injury. This instruction was erroneous. The horse of plaintiff was not killed at a *railroad crossing* nor was it so claimed at the trial. The evidence also shows that the bell on the engine was rung, and there is not a shadow of proof in the record that a failure to ring a bell or sound a whistle on the engine in any way contributed to the injury complained of. It would be superfluous to cite authorities in support of the proposition that instructions given by the court to the jury as to the law should be applicable to the facts. And upon the question of the failure to ring a bell or sound a whistle upon an engine, and the liability for such failure, and when and under what circumstances such liability arises, see Galena & C. U. R. R. Co. v. Dill, 22 Ill. 264; I. & St. L. R. R. Co. v. Blackman, 63 Ill. 120 ; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576 ; R. R. I. & St. L. R. R. Co. v. Linn, 67 Ill. 111; Q., A. & St. L. R. R. Co. v. Wellhoener, 72 Ill. 60.

Instructions other than those criticised by us herein were also given to the jury on behalf of plaintiff below, which were calculated to mislead the jury, but enough has been said upon this branch of the case and it seems to us unnecessary that more should be added.

For the error in giving the instructions mentioned the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.