## Chicago & Alton R. R. Co. v. Morgan L. Truitt.

1. EVIDENCE—*Opinions by Persons not Experts.*—A witness who knows the condition of a gate and its fastenings, and the surrounding conditions, may state his opinion as to the effect the wind would have upon it, and it is not necessary that he should be an expert.

2. CONTRIBUTORY NEGLIGENCE—*A Question of Fact.*—Whether there was contributory negligence in a particular case is a question of fact, and when a jury are asked to decide whether a plaintiff was guilty of contributory negligence they should be allowed to consider all the circumstances of the case.

3. ATTORNEY'S FEES—*Common Law and Statutory Negligence.*—In a suit against a railroad company the declaration contained four counts, one of which charged negligence in running a train, the others negligence in not maintaining a proper fence. *Held*, that attorney's fees could only be recovered if the injury complained of was caused by statutory negligence in not maintaining a proper fence, and that a general verdict based on such a declaration would not support their allowance.

**Trespass on the Case,** for killing stock. Appeal from the Circuit Court of Marshall County; the Hon. NATHANIEL W. GREEN, Judge, presiding. Heard in this court at the May term, 1896. Remittitur allowed, judgment affirmed and costs of appeal assessed against appellee to date of remittitur. Opinion filed December 9, 1896.

R. M. BARNES, attorney for appellant.

E. D. RICHMOND, attorney for appellee.

MR JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an action on the case by appellee against the appellant, to recover the value of two horses belonging to the former, charged to have been killed by the latter's engine and train, while running on its railroad track through the premises of the appellee.

The declaration consists of four counts. The first three charge the appellant with statutory negligence in not erecting and maintaining fences on both sides of its railroad track suitable and sufficient to prevent horses from getting thereon, and in not maintaining gates and bars at farm crossings of said railroad where the same were necessary and suitable, sufficient to prevent horses from getting on said railroad track, by means whereof, and for the want of such gate, two horses of the appellee strayed and went upon the railroad at the place where the gates and bars were necessary, etc., whereby appellant's engine ran into and struck the horses and killed them. The fourth count charged common law negligence in that, while appellee's horses had strayed upon appellant's railroad track, the engine driver of appellant carelessly ran upon said horses, and struck and killed them.

The accident took place October 27, 1895. The case was tried by a jury and resulted in a verdict for appellee for $160, upon which judgment was rendered for appellee. Thirty-five dollars of the said verdict was made up of attorney's fees, allowable under the statute when, by reason of the failure of a railroad to fence its track, stock is killed or injured in consequence.

The evidence tended to show that appellant maintained a gate at a farm crossing on its railroad right of way, running through appellee's farm, about fifteen rods from his house; that appellee's barn lot or pasture went down to the gate which leads over the farm crossing; that his horses run in this lot adjoining, and on the morning they were killed they went through the open gate next to the pasture and got on the railroad track, and were run over and killed.

The evidence tended to show that the gate was closed on the evening before the killing, and that in some manner it got open during the night time, thus enabling the horses to get through it.

It is insisted on the part of appellant's counsel that the verdict was manifestly against the weight of the evidence, in that it failed to show that the gate fastening was insufficient and out of repair.

We are inclined to think, however, that the evidence was sufficient.

It tended to show that the gate, which was about twelve feet long and consisted of four boards, braced by boards being nailed on diagonally from one corner to the other, and hung on hinges, had sagged at the end where it was fastened, and that it was fastened by a hook on the east end of the gate, the hinges being on the west end, and that the staple in the gate post was about four inches higher than the fastening hook, and in order to fasten the gate it had to be raised up three or four inches, in order to place the hook into the staple, and that it rested that way on the hook, liable to be blown open by the wind, which blew from the south against the side of the gate quite stiffly that

night; that the railroad men worked along there and were there frequently and saw the condition of the gate, and that it had been in that condition some time, and the evidence also tended to show appellee also knew of the condition of the gate.

The appellant objected to the following testimony, given in by appellee by his witness, Thos. E. Hogue, to wit: "The wind that night (the night before the accident) was very strong. It came up in the night, and the way that gate was I knew it would blow it very easily open."

This was objected to because it was "asking the witness to pass judgment on what the plaintiff claimed to be the facts of the case."

We do not think that the evidence is subject to the objection urged against it.

The witness, from his knowledge of the gate fastening, and the gate and the surrounding conditions, was able to judge, and state his opinion, the effect the wind would have upon it, and it was not necessary that he should be an expert witness.

Any person of ordinary experience would be able to form an opinion on such a subject, and it is a class of evidence that is always allowed by the court.

The witness did not state his conclusion that the wind did blow the gate open, only that it was capable of doing so. The answer of the witness did not cover the question to be found by the jury. The question to be found by the jury was whether the wind did blow the gate open, a question which the witness would not have been capable of deciding. It is objected that the court refused to give the appellant's third and fourth refused instructions.

These instructions were properly refused. They attempted to state as a matter of law that if certain facts existed, and appellee was aware of the condition of the gate, and turned his stock into the lot as he did, then he could not recover, being guilty of contributory negligence.

It was a question of fact for the jury under the circumstances to say whether or not the appellee was guilty of

contributory negligence. It was not a question of law for the court to decide. If it was proper to submit the question of contributory negligence of appellee to the jury it should have been left to the jury to find under all the circumstances whether appellee was guilty of contributory negligence in turning his stock into the lot as he did.

It is also insisted that the court erred in instructing the jury that if it found the issues for the plaintiff that the jury should assess attorney's fees as a part of the damages for conducting this case to a final conclusion in the Circuit Court.

This was undoubtedly error under the issues in the case. Attorney's fees are only allowed in cases where a railroad company fails to perform its duty in fencing its railroad track and not where there is a common law cause of action on account of negligence.

One of the issues in this case was as to whether the appellant was guilty of negligence in running over the horses with its engine, irrespective of the question of fencing. C. M. & St. P. R. R. Co. v. Phillips, 14 Ill. App. 265.

But as the appellee under the requirement of this court has entered a remittitur of $35, the amount of the attorney's fee included in the verdict and judgment, the error in giving the instruction in question is corrected.

There appears to be no other error in this record.

The remittitur is allowed by this court, and the judgment of the court below to the amount of $125 is affirmed, and the costs of the appeal are assessed against appellee, up to and including the cost of the remittitur.