FINCH, Adm'r &c., vs. HOUGHTON, impleaded with others.

An executor may refuse to qualify or may make a valid renunciation of the trust, if it be done in season, and before he has performed any act which indicates an intention to accept the trust.

Finch, adm'r &c., vs. Houghton, impleaded &c.

Under our statute (R. S., ch. 98, secs. 4, 5), if the person named as executor in a will refuses to accept the trust, or neglects to give the proper bond for twenty days after probate of the will, administration of the estate with the will annexed may be granted to such person as would have been entitled to the same if the testator had died intestate.

On an appeal from an order of a circuit court in an action wherein plaintiff sued as administrator with the will annexed &c., an affidavit filed for defendant stated that J. T. and S. T. were appointed executor and executrix by the will of plaintiff's decedent, and that subsequently J. T. resigned said office, and S. T. remained sole executrix. It appeared further from the record on said appeal, that letters of administration with the will annexed had been issued to the plaintiff. *Held*, that said affidavit was insufficient to show that J. T. attempted to resign after accepting the trust and entering upon the administration of the estate; but the presumption must be that the executors so appointed declined to qualify, or made a valid renunciation of the trust before intermeddling with the estate.

In a foreclosure action, one of the defendants, who had purchased the equity of redemption and was in possession of the premises, resisted a motion for the appointment of a receiver, by an affidavit which stated that the obligor in the bond secured by the mortgage had been named as executor by the will of the mortgagee [who continued to own and hold the mortgage at the time of his death], and that " the mortgage debt was in fact paid and discharged by operation of law " by reason of such appointment. *Held*,

1. That assuming it to be the general rule, that if a creditor appoints his debtor his executor, *and the debtor does not renounce the trust*, such appointment operates as an extinguishment of the debt, the record here was not sufficient to bring the debtor within the benefit of that rule.

2. That wherever, from the whole will, it appears that it was not the *intention* o the testator to discharge the debt by making his debtor his executor, such appointment will not have that effect; and this court, upon the imperfect statements of the record, and *without having the will before it*, could not say that the mortgage debt was so discharged.

In a foreclosure action, where it appeared that the whole mortgage debt was past due and a considerable amount of interest remained unpaid, and that the owner of the equity of redemption, in possession, neglected to pay the taxes; and where the evidence tended to show that he had endeavored to obtain tax deeds upon the mortgaged property to defeat the mortgage ; and also that the mortgaged premises were not an adequate security, and that the parties personally liable were not able to pay the deficiency which might arise upon a sale : *Held*, that the court did not err in appointing a receiver of the rents and profits of the mortgaged property.

APPEAL from the Circuit Court for *Fond du Lac* County. Action commenced in 1863 to foreclose a mortgage executed in December, 1850, to secure a bond for $4688, due October 1, 1860, with interest at seven per cent., made by *Joseph*

*W. Thombs*, Lyman Fargo, and *Roxanna*, his wife, to Thomas Thombs. The mortgaged premises were a certain mill property in the village of Menasha, in Winnebago county, which had been conveyed by the mortgagee to said *Joseph W. Thombs* and *Roxanna Fargo ;* and the bond and mortgage were for the unpaid purchase money. The complaint alleges that said Thomas Thombs died testate at Menasha, June 16, 1860, being then owner and holder of said bond and mortgage, and that letters of administration upon his estate, with the will annexed, were duly issued to the plaintiff by the county court of Winnebago county; that Lyman Fargo died insolvent and intestate, July 16, 1855, and no administrator had ever been appointed of his estate, and that the only interest which he had in the premises was a usufructuary interest, as husband of said *Roxanna*, which determined at his death ; that default had been made on the bond and mortgage by non-payment of any part of the principal and certain interest, and also by non-payment of the taxes for the years 1859 to 1862 ; that one of the heirs and legatees of the mortgagee had been compelled to redeem the premises (with plaintiff's consent) from a sale for the taxes of 1859 by the payment of $196; that there was due on said bond and mortgage $9421.22, with interest thereon from December 26, 1862, and also said sum of $196 ; that the present value of the mortgaged premises did not exceed $5,000, and was continually depreciating; that the defendants *Joseph W. Thombs* and *Roxanna Fargo* were irresponsible and unable to pay the deficiency which would arise upon a sale of the mortgaged premises ; that the defendant *Houghton* was a resident of the state of Massachusetts, and not now within this state; that he had purchased the equity of redemption in the mortgaged premises, and had the same conveyed to him by deed dated November 19, 1859 ; that on that day he entered into possession of the premises and ever since had enjoyed the rents and profits thereof, and still by his ten-

ants held the possession; that the net value of the rents and profits was $500 per annum; that said *Houghton* had refused and neglected to pay the taxes and assessments which since said 19th day of November, 1859, had been legally assessed on said premises, and they had been sold by the county treasurer for the taxes of the years 1860, 1861 and 1862, amounting in the aggregate to $131, and by the village treasurer of Menasha for taxes of the same years amounting to $154; that plaintiff had, besides said bond and mortgage, no assets of said estate in his hands, and no means for redeeming the premises from said tax sales, in consequence of which they were in danger of being lost and the plaintiff's lien thereon destroyed during the pendency of the action. Prayer, for a foreclosure and sale; and also that a receiver might be appointed to receive the rents and profits of said premises, and with the usual powers of receivers in such cases, and that the tenants of said *Houghton*, in possession of the premises, might be ordered to attorn and pay rent to such receiver, and that the receiver out of such rent pay and discharge the taxes, &c., hereinbefore mentioned, and all taxes thereafter legally assessed, &c.

In May, 1864, plaintiff moved the court, upon the complaint and certain affidavits, for the appointment of a receiver in accordance with the prayer of the complaint in that behalf. The motion was resisted upon counter-affidavits. The plaintiff's affidavits tended to prove that *Thomas W. Thombs* was insolvent; that the mortgaged premises did not exceed $5,000 in value, and were depreciating; and that the allegations of the complaint herein as to the sales of said premises for taxes of 1860, 1861 and 1862, and their redemption from the sale of 1860, were true. Defendant's affidavits tended to show that the premises were worth $8,000 or more, and were rather increasing than diminishing in value. The affidavit of one Edward Ward states that affiant is defendant's agent in the management of the property described in the complaint; that as

such agent he knows the facts connected with the case in this action, and has fully and fairly stated the same to certain named counsel for defendant, and that said defendant has a valid defense upon the merits to the whole cause of action set forth in the complaint, as he is advised, &c., &c.; that *Roxanna Fargo* was made a party defendant to this action, and had been released by plaintiff; and that she had real estate in Menasha, worth three or four thousand dollars, not exempt from execution. The affidavit further states that "*Joseph W. Thombs* and *Sarah Thombs* were appointed executor and executrix of the last will and testament of Thomas Thombs deceased, referred to in the complaint in this action; that *Joseph W. Thombs* was one of the legatees of said will; that subsequently he resigned his said office and said *Sarah Thombs* remained sole executrix; that while she was sole executrix, as aforesaid, all the interest which remained due on the bond and mortgage up to October 1st, 1857, was paid to said executrix in full," and that a receipt annexed to said affidavit "is a copy of the receipt for the same; that from four to five hundred dollars have been paid to said executrix since; that the whole sum remaining unpaid at the commencement of this action, both principal and interest, did not exceed $6,000"; and that the entire debt was in fact paid and discharged by operation of law, in appointing one of the persons who executed the bond and mortgage executor." The affidavit further states that defendant "holds and possesses said premises under two tax deeds upon which the statute of limitations has run; that said deeds are the same set forth in the complaint in a certain action now pending in the Winnebago county circuit court, in which the plaintiff in this action is plaintiff, and said *Houghton* is defendant, and also referred to in the answer of said defendant, and served on the plaintiff's attorneys in this action, and all the allegations relating to said tax deeds, and the possession of the premises under the same, contained in said complaint and an-

swer, are true, and are hereby made a part of this affidavit;[*] and defendant also holds and claims said premises under a warranty deed from one A. N. Lincoln, free from all claims and incumbrances, and not subject to the mortgage" in suit.

The court made an order appointing a receiver; and the defendant *Houghton* appealed.

*Elbridge Smith* and *George B. Goodwin*, for appellant:

1. An executor cannot resign. *Joseph W. Thombs* remains executor, and the appointment of the plaintiff as administrator is void. Sec. 9, ch. 98, R. S.; 11 Mass., 262; 12 id., 98. 2. The appointment of *Joseph W. Thombs* executor extinguished the debt, and the bond and mortgage must be deemed paid by operation of law, and money assets in the hand of the executor; and hence no action can be maintained by the plaintiff. The earlier authorities hold that the debt is absolutely discharged by such appointment; but the later ones, that it is to be deemed assets in the hands of the executor, where necessary for the payment of the testator's debts or of legatees. 11 Mass., 262; 12 Mass., 98; 2 Cow., 781; 2 Johns., 471; 2 Paige, 149, 152; 2 Wms. on Ex'rs, 1179–1185. 3. The defendant was in possession, holding under an independent and paramount title, adversely to the plaintiff, as appears by both the complaint and the answer in the action commenced in January, 1864. A receiver will not be appointed under such circumstances. Edwards on Receivers, 24, 26, 29; 8 Paige, 565; 11 id., 436; 19 Vesey, 59. 4. Receivers will not be appointed unless strong special grounds be shown—and none was shown; nor unless plaintiff's right is perfectly clear. Edwards

---

*Among the papers sent up on the appeal was one signed by the attorneys of the defendant *Houghton,* purporting to set forth the substance of the pleadings here referred to; but the court did not regard this paper as properly before it. The action to which the affidavit relates seems to have been commenced in January, 1864, by the plaintiff in the present action, to quiet his title to the same premises here in question, by avoiding certain tax deeds under which *Houghton* is alleged to claim title to said premises; and the answer appears to have set up the three years' statute of limitation. REP.

on Rec., 15; *Hugonin v. Basely*, 13 Ves., 105; *Middleton v. Dodswell*, id., 266; *Bloodgood v. Clark*, 4 Paige, 574; 2 Edw., 281; Hopk., 429. 5. Receivers will not be appointed where the persons liable for the debt are responsible for any expected deficiency. *Roxanna Fargo*, one of the obligors, is shown to be responsible. The respondent has released her; and he did not ask for any judgment for deficiency against any of the obligors.

*Whittemore & Weisbrod*, for respondent :

Whenever there is an equitable charge on lands, and a proper case is made of insecurity or neglect, a receiver will be granted. Hoffman's Prov. Rem., 478. A *prima facie* case being shown by the applicant, the merits of the case will not otherwise be inquired into. *Sheldon v. Weeks*, 2 Barb., 532; *Conro v. Gray*, 4 How. Pr. R., 166; *Chapman v. Hammersley*, 4 Wend., 173. 2. Of the three obligors in the bond, Lyman Fargo died insolvent; *Roxanna Fargo*, at the time of executing the bond, was a married woman; so that *Joseph W. Thombs* is alone personally liable on the bond, and he appears to be wholly insolvent. 3. It is no objection to the appointment of a receiver that the defendant has not answered; it is enough that he has appeared in defense of the action, and has *demurred* to the complaint. Hoffman's Prov. Rem., 477; Edwards on Rec., 15; *Field v. Ripley*, 20 How. Pr. R., 26. In rare cases a receiver will be appointed even before commencement of the suit. 1 Whit. Pr., 530. 4. The court must be satisfied, *beyond all reasonable doubt*, that the mortgaged premises, upon a sale, will bring sufficient to satisfy the mortgage debt &c., when the petition shows a proper case in other respects for the interference of the court, or a receiver will be appointed. *Sea Ins. Co. v. Stebbins*, 8 Paige, 567. 5. The mere fact that the appellant is out of the jurisdiction of the court is sufficient cause for the appointment of a receiver. *Gibbins v. Mainwaring*, 9 Simons, 77; *Tanfield v. Irvine*, 2 Russ., 149; *Conro v. Gray*, 4 How. Pr. R., 167. 6. The affidavits show that the appel-

lant is guilty of fraud and bad faith ; and for this reason a receiver will be appointed.   *Conro v. Gray, supra ; Podmore v. Gunning*, 5 Simons, 485; 1 Barb., 664; *Orphan Asylum v. McCartee*, Hopk., 429 ; *Boyd v. Murray*, 3 Johns. Ch., 48.

*By the Court*, COLE, J.   The matters contained in this record are not sufficient to raise the objection taken in the first point of the brief of the counsel for the appellant.   That objection is, that the respondent has no right to bring the action to foreclose the mortgage mentioned in the complaint.   He sues as administrator with the will annexed.   And it is insisted that it appears that *Joseph W. Thombs* and Sarah Thombs were appointed executor and executrix of the estate of Thómas Thombs, and entered upon the duties of their trust, and that said *Joseph W.* afterwards resigned, when the respondent was appointed administrator *cum testamento annexo.*   The executor, it is said, cannot resign, and therefore the appointment of the respondent as administrator is void.   There is nothing, however, in the record which shows that *Joseph W. Thombs* ever intermeddled with the effects of the testator, or did any acts which would amount to an administering upon the estate. Ward, in his affidavit, states that *Joseph W. Thombs* and Sarah Thombs were appointed executor and executrix of the last will and testament of Thomas Thombs, deceased, referred to in the complaint ; that *Joseph W. Thombs* was one of the legatees in the will, and that subsequently he resigned the office of executor, and that Sarah Thombs remained sole executrix. This, in substance, is all that appears in reference to the resignation of the executor, and it is clearly insufficient to show that *Joseph W. Thombs* attempted to resign after he had accepted the trust and entered upon the administration of the estate. The law is perfectly well settled, that a person appointed executor cannot be compelled to act, but may refuse to qualify, or make a valid renunciation of the executorship, provided he does so in season and before he has done any act which indi-

cates an intention to accept the trust. 1 Williams on Executors, pp. 227 *et seq.* And our statute expressly provides that where a person named as executor in any will refuses to accept the trust, or neglects to give the proper bond for twenty days after the probate of the will, the county court may grant letters testamentary to the other executors, if there be any who are capable, and willing to act, or may commit administration of the estate, with the will annexed, to such person as would have been entitled to the same if the testator had died intestate. Sections 4 and 5, chap. 98, R. S. The presumption arising in the case is, that *Joseph W. Thombs* declined to qualify as executor, or made a valid renunciation of the trust before he in any way intermeddled with the estate, and when he had a right to decline to act as executor.

A like answer must be given to the second objection taken by the counsel for the appellant. It is claimed that the appointment as executor of *Joseph W. Thombs,* one of the persons who executed the bond and mortgage, and who is personally liable for the debt, extinguished the debt. But it is very clear that there is not enough in this record to raise that question. For assuming the general rule of law to be, that if a creditor appoints his debtor his executor, and the debtor does not renounce the trust, then such appointment operates as an extinguishment or release of the debt, yet this rule is of not universal application. On the contrary, whenever, from the whole will, it appears that it was not the intention of the testator to discharge the debt by making his debtor his executor, then such appointment will not have that effect. *Marvin v. Stone,* 2 Cowen, 781; *Stevens v. Gaylord,* 11 Mass., 256; *Winship v. Bass,* 12 id., 199, 204. If the will were before us, it might be manifest from its provisions that *Joseph W. Thombs* remained liable for the debt due upon the mortgage notwithstanding the trust committed to him, and that the intention of the testator was that the amount should be assets in his hands to pay debts or legacies. There may be a deficiency of assets, and creditors

or legatees may be wronged, if it is held that this debt is extinguished or released. And it is very apparent that, without having the will before us, we cannot, upon the imperfect statements in this record, hold that the mortgage debt has been discharged and that the respondent cannot maintain the foreclosure action.

This is an appeal from an order appointing a receiver. We are satisfied from the affidavits read upon the hearing of the application, that, a *prima facie* case was established for the appointment of a receiver. The decided weight of testimony tends to show that the mortgaged premises are not an adequate security for the payment of the mortgage, while those personally liable are probably not able to pay the deficiency. The whole mortgage debt is due, and considerable interest, which was payable annually, remains unpaid. Besides, those in possession neglect to pay the taxes, and there are many circumstances disclosed which tend strongly to show that the appellant has endeavored to obtain some tax deeds upon the mortgaged property to defeat the mortgage. It appears that he is the owner of the equity of redemption, in possession, and therefore an indispensable party to an action of foreclosure. It is insisted that he is in possession and holds the premises under a paramount legal title, namely, certain tax deeds upon which the three years' limitation has run, and hence that he should not be compelled to surrender such possession to a receiver. Did the affidavits in the case establish such a state of facts, it might well be that a court of equity would refuse to take the possession from him. But they do not. It no where appears the appellant entered into possession under his tax deeds and claimed to hold adversely to the original owners. On the contrary, 'we think the presumption is that he went into possession under his conveyance as purchaser of the equity of redemption and subject to the mortgage. This is the legal presumption from all that appears in the case; and as there are some circumstances which tend to throw suspicion on the

fairness of the appellant's conduct, a receiver was rightly appointed.

Order affirmed, with costs.