## TERRE HAUTE & INDIANAPOLIS R. R. Co.

### v.

### JACOB TUTERWILER.

1. NEGLIGENCE—PREPONDERANCE OF EVIDENCE.—The owner of cattle killed at a road crossing must prove by a preponderance of the evidence that his cattle were killed by the negligence of the employes of the road. As the preponderance of the evidence in this case fails to sustain the verdict of the jury, the case is reversed and remanded.

2. FAILING TO GIVE SIGNALS.—Even if the bell is not rung or the whistle sounded, as required by the statute, no recovery can be had for that cause, unless it is made to appear by facts and circumstances preponderating that the accident was the result of such neglect.

APPEAL from the Circuit Court of Clark county; the Hon. J. W. WILKIN, Judge, presiding. Opinion filed January 16, 1885.

Mr. JOHN G. WILLIAMS and Messrs. GOLDEN & WILKIN, for appellant; cited C., B. & Q. R. R. Co. v. Bradfield, 63 Ill. 220; Q., A. & St. L. R. R. Co. v. Wellhoener, 72 Ill. 760.

Mr. P. A. BRADY and Mr. S. S. WHITEHEAD, for appellee; that where there is a conflict of testimony, the verdict will not be set aside even though it be against the weight of evidence, cited Morgan v. Ryerson, 20 Ill. 343; Rogers v. People, 98 Ill. 581; Creote v. Willey, 83 Ill. 444; Conn. Mut. Life Ins. Co. v. Ellis, 89 Ill. 516.

DAVIS, P. J. This was an action brought by appellee to recover damages for two steers, claimed to have been killed through the negligence of the employes of appellant.

The steers were killed early in July on a highway crossing, away from a village or station, at a place where the railroad was not required to fence its road. The cattle were running out on the public commons. No evidence was given by appellee showing when or how the cattle were killed. Some evidence was introduced tending to show the cattle were killed by the passenger train going west in the evening.

One witness testified he passed the crossing about three quarters of an hour after the train went by and discovered two red steers lying inside the crossing. Another witness testified she saw the passenger train and saw the cattle running, but don't think the train knocked them off. The train was near the crossing when she saw it. The cattle were running and got in the way of it. The bell was not rung, nor was the whistle sounded.

The locomotive engineer of the passenger train which went west in the evening, when the steers were claimed to have been killed, testified he struck no stock by his train on that trip. The locomotive engineer of the freight train testified that his train killed the two steers in question at the crossing. When he first saw them they were running from the south and were about fifty feet from the track headed north, and he was about 100 feet from the crossing. He was going west and they were ahead of him going north and were running. The bell was rung for the crossing and as soon as the engineer saw the cattle he gave the alarm whistle. He rang the bell from 80 to 90 rods back, up to the crossing. He could not stop the train after he discovered the cattle. The fireman of the same train also testified to their train killing the cattle at the crossing. He rang the bell for about 80 rods up to the crossing. The train could not have been stopped after the cattle were discovered.

The mere fact of cattle being killed at a road crossing, where, of course, the railroad is not required to fence, and can not fence its track, gives the owner of the cattle no right of recovery against the railroad company. The owner of the cattle must prove by a preponderance of the evidence that his cattle were killed by the negligence of the employes of the road. If the cattle were on the highway near the crossing and were running toward the track and were not discovered and could not be discovered by the exercise of reasonable care and diligence on the part of the train men in time to prevent the train striking and killing them, as the evidence in this case very strongly tended to prove, no negligence can be imputed to the railroad company.

Even if the bell was not rung or the whistle sounded, as required by the statute, no recovery could be had for that cause, unless it was made to appear by facts and circumstances preponderating, that the accident was the result of such neglect. Q., A. & St. Louis R. R. Co. v. Wellhoener, 72 Ill. 60.

In this case the evidence preponderated that both the bell was·rung and the whistle sounded. We think the evidence fails to sustain the verdict of the jury, and therefore the judgment of the court below, which was for appellee, must be reversed and the cause remanded.

Judgment reversed.