## Mobile & Ohio Railroad Company

### v.

## William Moore.

*Railroads—Negligence of—Horse—Crossing—Absence of Cattle Guards Immaterial When.*

In an action against a railroad company to recover damages for the killing of plaintiff's horse, where the alleged negligence was the absence of

cattle guards at a crossing, and the failure to fence, and the evidence showed that plaintiff's horse went upon the track at and on the crossing of a public highway, and was there killed by the defendant's engine, this court holds that the alleged negligence of defendant was immaterial, and the jury should have been instructed to return a verdict for defendant.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of Union County; the Hon. GEORGE W. WALL, Judge, presiding.

Messrs. JOHN M. LANSDEN and ANGUS LEEK, for appellant.

Messrs. H. H. BUSSEY and JAMES LINGLE, for appellee.

PHILLIPS, J. This is an action on the case for recovery for the killing of a mare. The declaration charges negligence in failing to erect and maintain fences on both sides of the railroad, and cattle guards at a public road crossing. The evidence in this record shows the mare was struck and killed at a road crossing. The records of the county board of Union county, for the June term, 1884, show the location of a road upon the condition that the county pay no damages, the petitioners having agreed in open court to pay all costs and damages. The evidence of Reidel and Grappo shows the payment of all damages and costs. The records of the county board of Union county show the filing of a supplemental plat and an amended report by the viewers, an approval of the report and plat, and an order for the opening of the road. The evidence in this record shows the location and order for opening this road, and that the mare passed along the road to the road-crossing on the railroad, where she was struck.

The verdict was for plaintiff, and damages assessed at $125 and an attorney's fee. The plaintiff sought to recover because there were no cattle guards along the sides of the road at the railroad crossing.

The question to be considered is the place where the animal got on the track, and the absence of a fence or cattle guard at a public road crossing can not affect the question where the

animal gets on the track and is injured at a public road crossing.   G. W. R. R. Co. v. Morthland, 30 Ill. 451; G. W. R. R. Co. v. Hanks, 36 Ill. 281; C., B. & Q. R. R. Co. v. Farrelly, 3 Ill. App. 60; P. D. & E. Ry. v. Schiller, 12 Ill. App. 443.

In this case it appears from the evidence that the animal was struck and killed at the point where it went on the track; that place was a public road crossing.

The absence of cattle guards along the sides of the road can not affect the question.   Under the evidence the plaintiff is not entitled to recover.   The instruction to find for the defendant should have been given.

Both instructions given for the plaintiff were erroneous, and it was error to modify each of defendant's instructions as modified.

The judgment is reversed.

*Judgment reversed.*