## ILLINOIS CENTRAL RAILROAD COMPANY
### v.
## J. W. FINNEY.

*Railroads—Negligence—Killing of Stock—Failure to Fence.*

In an action brought to recover from a railroad company for the death of stock, alleged to have occurred through its failure to provide a fence, it does not establish liability to alone show that there was no fence where a fence was necessary; it must also be shown that the stock came on the track at a point where, by law, a fence was required, and that by reason of the failure so to fence, the loss occurred.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Vermilion County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. W. L. RABOURN and W. J. CALHOUN, for appellant.

Mr. G. W. SALMANS, for appellee.

WALL, P. J.  The appellee recovered a judgment against

the appellant for $50 on account of a cow killed by the engine of appellant. The ground of recovery as alleged, was that the appellant had neglected to fence its track. There was no allegation of negligence in the management of the engine. The place where the injury occurred was Alvin Station, an unincorporated village; and while there was no fence there for a considerable distance east of the point of collision, the question is, whether at the place where the animal came on the track a fence was necessary. The switches extend east of the point of collision according to all the evidence, and it is quite clear that no fence was necessary there, though it is equally clear that further east a fence was necessary but had not been provided.

There is absolutely no proof to show where the cow came on the track, and from all the circumstances there is as much reason to suppose this was within the switch limits as that it was beyond.

The situation then is this, that at the station the company had neglected to provide a fence. A fence was not necessary within what may be called the depot grounds; that is to say, such portion as was necessary for the switches and other purposes connected with the depot. It was necessary beyond the limits thus indicated.

It does not establish liability to show that there was no fence where a fence was necessary. It must also be shown that the animal came on the track at a point where by law a fence was required, and therefore that by reason of the failure so to fence the loss occurred. But that was not shown here, and therefore the record does not support the judgment.

We do not think it necessary to discuss the action of the court in giving instructions further than to say that the law was given to the jury with sufficient fullness and accuracy.

Nor need we discuss the question of the contributory negligence of plaintiff in allowing the animal to run at large at a place where there was so much liability to injury.

Because the evidence does not show that the animal went upon the road at a point where the company was required to fence, the judgment must be reversed and the cause remanded.          *Reversed and remanded.*