[No. 4813.]

### The Denver & Rio Grande Railroad Company v. Kelso.

**Statutory Construction — Railroads — Fencing — Killing Stock— Pleading—Necessary Proof—Justice of the Peace.**

Section 2, c. 1, Sess. Laws 1902, provides, inter alia, that every railroad company whose road, or any part thereof, is now open to use, within six months after its passage, and every such company whose road or any part thereof is not open to use at the passage of this act, within six months after the opening of such lines, shall maintain fences, except at crossings of public roads along such lines; and § 3 provides that any such company failing to so fence shall be absolutely liable to the owners of live stock killed, injured or damaged at such points, while running at large, by its agents, employees, engines or cars. Held, that such act is a penal statute in derogation of the common law

and bears strict construction, and hence a railroad company is not liable thereunder for the killing of stock in the absence of proof that its road or some part thereof was open for use at the passage of the act, or that its road or some part thereof had been open for use for more than six months prior to the killing of the stock; and that in courts of record such essential facts should be pleaded and proven, and, in the absence of pleadings in the justice courts, the testimony must show such facts affirmatively and be sufficiently comprehensive to show defendant's liability under the statute.—P. 87.

*Appeal from the County Court of Fremont County.*
*Hon. Kent L. Eldred, Judge.*

Action by George W. Kelso against The Denver & Rio Grande Railroad Company. From a judgment in favor of plaintiff, on appeal from a justice's judgment for the same party, defendant appeals.

*Reversed.*

Decision *en banc.* CHIEF JUSTICE STEELE not sitting.

Messrs. VAILE & WATERMAN, Mr. W. N. VAILE, and Messrs. WALDO & DAWSON (Mr. THOS. J. LEFTWICH, of counsel), for appellant.

Messrs. CHAMPION & BLUNT and Messrs. WARD & WARD, for appellee.

Mr. JUSTICE CASWELL delivered the opinion of the court:

The appellee, as plaintiff below, brought suit in a justice court in Fremont county to recover from appellant the value of a cow, alleged to have been killed by a train of cars of the defendant company. The plaintiff obtained judgment and an appeal was taken to the county court and from a judgment against defendant in that court an appeal was taken to this court. There were no written pleadings. Plaintiff sought to recover under and by virtue of the statute generally alluded to as the stock-killing

act, passed at the special session of the legislature and approved March 14, 1902. The act was passed without an emergency clause and became a law June 13th, 1902.

The appellant assigns as error the refusal of the trial court to grant a nonsuit and also the entry of judgment for plaintiff.

Section 2 of said act provides, amongst other things, as follows:

"That every railroad company or corporation whose lines or road, or any part thereof, is open to use, shall within six months after the passage of this act, and every railroad company or corporation formed or to be formed, but whose lines are not now open for use, shall within six months after the lines of such railroad or any part thereof are open, except at the crossings of public roads and highways, etc., erect, and thereafter maintain fences on the sides of their said roads, or the part thereof open to use, where the same passes through, along or adjoining inclosed or cultivated fields or uninclosed lands, with openings and gates therein to be hung and have latches and hinges, so that they may easily be opened and shut at all necessary farm crossings of the road, for the use of the proprietors or owners of the land adjoining such railroad   *   *   *   "

Section 3 provides in effect that any railroad company hereafter running or operating its roads in this state, and failing to fence on both sides thereof against all live stock running at large at all points as herein provided, shall be absolutely liable to the owners of any such live stock killed, injured or damaged by their agents, employees, engines or cars.

At page 583, vol. 17, Enc. of Pleading and Practice, it is stated:

"Some of the statutes make railroads liable for injuries to animals caused by failure to fence

only when the road has been open for use for a certain length of time, and under such statutes it is necessary to allege that the defendant's road which was unfenced had been open for use for the length of time prescribed by the statute."

Many cases will be found cited in support of the text. At 2 Cyc., page 422, it is stated that to authorize the recovery of a statutory penalty for injuring or killing cattle or stock within an inclosure not having a lawful fence, the declaration or complaint must be framed on the statute; and that it must state the circumstances necessary to bring the case within the statute. But this rule is not applicable where the statute is simply remedial and gives an easier or cumulative remedy for a loss for which there is a common-law remedy. The statute in controversy herein is a penal statute, and, upon principle, when plaintiff sought to recover the penalty from the defendant, it was necessary to bring it within the purview of the statute and to show that it was such a railroad as was subject to its provisions. It is not shown that the defendant company had any lines or road, or any part of lines or road, open to use within six months from either the passage of the act or within six months from the time the act took effect. Nor was it attempted to be brought under the second class of railroads mentioned in the statute, whose lines were not open for use at the date of the passage of the act. In courts of record the essential facts should be pleaded and proven, and in cases arising in justice courts the testimony must show such facts affirmatively. It is not a remedial statute, but on the contrary it undertakes to establish a cause of action and a right of recovery unknown to, and in derogation of, the common law, and is subject to strict construction. The plaintiff claims that it was sufficiently shown by the evidence that the road was "open for use," and

calls our attention to the statement that the railroad was built in 1872, and further to the evidence that the plaintiff himself had done business with the "Rio Grande" for twenty-five years. The railroad might have been built in 1872, but the statute requires it to be shown that this particular railroad company, which is the defendant here, either had a road "open to use" at the time the act became a law or that it succeeded to some company having such road so open to use; nor is the "Rio Grande" mentioned by Mr. Kelso identified as The Denver & Rio Grande Railroad Company, which is the defendant in this suit. Nor does the fact that he has done business with the "Rio Grande" for twenty-five years furnish sufficient proof that The Denver & Rio Grande Railroad Company had a road "open to use" as described by the statute. In the absence of pleadings the evidence must be sufficiently comprehensive to show that the defendant was subject to the liabilities imposed by the statute. In the absence of this testimony the judgment is not supported by sufficient evidence and cannot stand.

Both the parties to this suit presented in this court elaborate arguments concerning the constitutionality of the statute, but under our view of the case the validity of the statute is not involved and it becomes unnecessary to pass upon the constitutional questions presented, such questions not being necessary to the determination of the case. It further appears from the record that the defendant is not liable under the common law, there being no proof of negligence. The plaintiff below proved, and it was admitted, that the animal was killed by the engine and cars of the defendant, and he manifestly relied upon the statute and upon the mere fact of the killing to sustain the liability and to recover a penalty. It appears affirmatively by the undis-

puted evidence of defendant below that the injury to the animal did not result from negligence.

Other assignments of error are discussed in the briefs, but we find it unnecessary to consider them.

The judgment is reversed.  *Reversed.*

Decision *en banc.*  CHIEF JUSTICE STEELE did not sit in this case.