[No. 5467.]
[No. 3137 C. A.]

The Colorado & Southern Railway Company v. Neville.

1. Railroads — Injuries to Animals — Statutory Construction — Fencing.

Mills' (Rev.) Stats., § 3712a, provides that every railroad company whose lines or any part thereof are open to use within six months after the passage of the act, and every railroad company whose lines are not now open for use shall, within six months after its lines or any part thereof are open to use, erect and maintain fences except at public crossings and in incorporated towns or cities, and such railroad companies shall be liable for all damages done by their trains to any cattle on their tracks, until such fences are so constructed; and § 3713, 3 Mills' (Rev.) Stats., provides that any railroad company operating its roads and failing to fence shall be absolutely liable to the owners of any such live stock killed by its engines or cars. Held, that such provisions, being in derogation of the common law, must be strictly construed; and that, where a plaintiff elects to prosecute under the statute for the killing of stock, in the absence of proof that any of defendant's lines or any part thereof was open for use at the time of the passage of the act or within six months from its passage, or from the time it took effect, or that defendant's lines were not open for use at the date of the passage of the act, he cannot recover.—P. 396.

2. Same.

3 Mills' (Rev.) Stats., § 3712a, further provides that, when the required fences have been built and duly made, and shall be kept in good and sufficient repair, the railroad company shall not be liable for any damage to stock, unless negligently and willfully done. Held that, to recover under the statute, a plaintiff

must not only prove that his stock was killed on a railroad open for use, as designated by the statute, but that they entered upon the track, and were struck at a place where the statute required the railroad company to fence; or, if at a place not required to be fenced, that the accident was the result of a negligent and willful act of defendant or its agents; and, therefore, where plaintiff elected to prosecute under the statute, and merely proved his ownership of the cow killed, that she was struck by defendant's engine on a public road or highway, the value of the cow, and a demand for payment, he could not recover.—P. 397.

*Appeal from the County Court of Larimer County. Hon. J. Mack Mills, Judge.*

Action by J. E. Neville against The Colorado & Southern Railway Company. From a judgment for plaintiff, defendant appeals.          *Reversed.*

Messrs. Whitted & Dines and Mr. J. G. McMurry, for appellant.

No appearance for appellee.

Mr. Justice Maxwell delivered the opinion of the court:

This suit was commenced in a justice court by appellee to recover from appellant the value of a cow, whose death resulted from being struck by an engine and cars of appellant.

Upon appeal to the county court, the plaintiff elected in open court to prosecute the action under the statute. The statute referred to is known as the "stock killing act," passed at the special session of the legislature of 1902, approved March 14, 1902, (Session Laws 1902, page 23; 3 Mills' (Rev.) Stats., §§ 3712a, 3713b).

Appellee proved the ownership of the cow; that she was struck by a train of appellant on a public road or highway, where the same crossed the railroad; the value of the cow; a demand for payment, and rested.

Pertinent parts of the statute under which appellee elected to prosecute, are:

"That every railroad company or corporation whose lines or road, or any part thereof, is open to use, shall, within six months after the passage of this act, and every railroad company or corporation formed or to be formed but whose lines are not now open for use, shall, within six months after the lines of such railroad or any part thereof are open, except at the crossings of public roads and highways, and within the limits of incorporated towns and cities, erect, and thereafter maintain fences on the sides of their said roads, or the part thereof open to use * * * and hereafter maintain at all road crossings now existing, or hereafter established, good and sufficient cattle guards. * * * and so long as such fences, gates and cattle guards, shall not be constructed after the time hereinbefore prescribed for making the same has elapsed, * * * such railroad corporation shall be liable for any and all damages which shall be done by the * * * trains or cars of such corporation * * * to any such cattle, * * *; and when such fences, gates and guards have been built and duly made, and shall be kept in good and sufficient repair, such railroad corporation shall not be liable for any such damages unless negligently and willfully done."—§ 3712a, 3 Mills' (Rev.) Stats.

"Any railroad company hereafter running or operating its roads in this state, and failing to fence * * * shall be absolutely liable to the owners of any such live stock killed * * * by their engines or cars."

Appellant moved a nonsuit, which was denied.

Appellant contends that appellee failed to prove a case within the statute in two particulars: (1) as to time, and (2) as to locality.

1. In *D. & R. G. R. R. Co. v. Kelso,* 40 Colo. 84, this precise point was ruled by this court. It was there held, that this statute is penal, in derogation of the common law, and should be strictly construed; that in the absence of proof that any of defendant's lines or any part thereof, were "open for use" within six months from the passage of the act or within six months from the time it took effect, or that defendant's lines of railroad were not open for use at the date of the passage of the act, plaintiff could not recover.

Here there was no attempt to prove any or either of the above facts.

2. The evidence disclosed that the cow was killed by an engine of appellant on a public road or highway. There was no evidence to prove that the damage was occasioned by the negligence and willful acts of appellant or its agents.

Under the statute (§ 3712a, *supra*) the railroad company is not required to fence public roads and highways.

The statute in Illinois provides:

"That every railroad corporation shall, within six months after any part of its line is open for use, erect and thereafter maintain fences on both sides of its road, or so much thereof as is open for use, suitable and sufficient to prevent cattle, horses, sheep, hogs or other stock from getting on such railroad, except at the crossings of public roads and highways and within such portion of cities and incorporated towns and villages as are or may be hereafter laid out and platted into lots and blocks, with gates or bars at the farm crossings."—Starr & Curtis's Ann. Stats., Ill. (1st ed.), p. 1927, § 62.

Under this statute it was held in *T. H. & I. R. R. Co. v. Tuterwiler,* 16 Ill. App. 197, 198:

"The mere fact of cattle being killed at a road

crossing, where, of course, the railroad is not required to fence, and cannot fence its track, gives the owner of the cattle no right of recovery against the railroad company."

In *M. & O. R. R. Co. v. Moore,* 34 Ill. App. 519, 521:

"In this case it appears from the evidence that the animal was struck and killed at the point where it went on the track; that place was a public road crossing.

"The absence of cattle guards along the sides of the road cannot affect the question. Under the evidence the plaintiff is not entitled to recover. The instruction to find for the defendant should have been given."

In *I. C. R. R. Co. v. Finney,* 42 Ill. App. 390:

"It does not establish liability to show that there was no fence where a fence was necessary. It must also be shown that the animal came on the track at a point where by law a fence was required, and therefore, that by reason of the failure so to fence, the loss occurred. But that was not shown here, and, therefore, the record does not support the judgment."

Under statutes similar to the one relied upon in this case, the doctrine announced by the court of appeals of Illinois has been followed in: *Bennett v. C. & N. W. Ry. Co.,* 19 Wis. 158; *Jeffersonville, etc., R. R. Co. v. Brevoort,* 30 Ind. 324; *Comstock v. R. R. Co.,* 32 Ia. 376.

Plaintiff having elected to prosecute under the statute, it was incumbent upon him to prove that his cow was killed on a railroad "open to use," as designated by the statute; that she entered upon the railroad track and was killed or received injuries which resulted in death at a point or place which the statute required the railroad company to fence; or, if the cow was killed or injured at a place not required to

be fenced, that she was killed or injured by the negligent or willful act of appellant or its agents.

There being no proof of any of the above essential facts, the motion for a nonsuit should have been granted.

In view of the fact that appellee is not represented here, we shall not notice the constitutional and other important questions presented by counsel for appellant in their brief.

The judgment should be reversed, and it is so ordered.                                         *Reversed.*

Chief Justice Steele and Mr. Justice Goddard concurring.