[No. 5464.]
[No. 3134 C. A.]

THE RIO GRANDE WESTERN RAILWAY COMPANY v. BOYD.

1. **Practice in Civil Actions — Killing Animals — Questions for Jury.**

In an action for the value of an animal killed at a railroad crossing, where the evidence is conflicting, the question of whether the engineer and fireman exercised the necessary care to ascertain if an animal were approaching the crossing, is for the jury.—P. 122.

2. **Practice in Civil Actions—Railroads — Killing Animals—Presumptions—Burden of Proof.**

The fact that plaintiff, suing for the value of an animal killed at a railroad crossing, in making his case did not alone rely on § 5 of the Stock Act (Sess. Laws 1902, c. 1), creating a presumption of negligence from the killing, but also introduced

evidence of the negligence of the engineer and fireman, did not change the rule of burden of proof.—P. 123.

### 3. Railroads—Killing Animals—Duty of Engineer.

Merely because an animal may be near the track does not require an engineer to check the speed of his train unless there is something to indicate that the animal may go on the track. —P. 124.

### 4. Same.

A train was running at a high rate of speed, taking but a few seconds to traverse a quarter of a mile, and killed an animal at a road crossing. Held, that, when the train was a quarter of a mile from the crossing, the animal must have been near and walking toward it; and, if so, under the circumstances, could have been seen by the engineer or fireman, and therefore there was sufficient to apprise them of the danger of the animal going on the crossing.—P. 124.

### 5. Evidence—Opinion Evidence—Admissibility.

In an action for the value of an animal killed at a railroad crossing, a witness familiar with the surroundings was properly permitted to state, over an objection that it called for the opinion of the witness on a matter as to which the jury could as well draw its own conclusion, how far on the track from the crossing he could see an animal in the highway approaching it.—P. 125.

### 6. Practice in Civil Actions—Railroads—Killing Animals—Evidence—Sufficiency.

In an action for the value of an animal killed at a railroad crossing, the plaintiff testified that he could not give the name of the person on whom he served notice that the animal had been killed, but that he answered as the ticket agent of the railroad company at its depot. Held, that the evidence was sufficient to establish that the person served was the ticket or station agent of the railroad company, so as to meet the requirements of § 6 of the Stock Act (Sess. Laws 1902, c. 1), providing for notice to the ticket or station agent of the railroad company.—P. 125.

### 7. Practice in Civil Actions — Instructions Covered by Those Given.

Requested instructions are properly refused where covered by instructions given.—P. 126.

### 8. Railroads—Injuries to Animals—Contributory Negligence of Owner.

Where an engineer and fireman, by the exercise of proper care, could have discovered an animal at a crossing and slackened the speed of the train in ample time to have prevented

killing it, their negligence was the proximate cause of the killing, and whether the owner was guilty of contributory negligence in turning the animal out on the highway in such close proximity to the crossing, was not involved.—P. 126.

*Appeal from the County Court of Mesa County.*
*Hon. Walter S. Sullivan, Judge.*

Action by William Boyd against The Rio Grande Western Railway Company. From a judgment for plaintiff, defendant appeals.    ·    *Affirmed.*

Messrs. SUTHERLAND, VAN COTT & ALLISON (Mr. WM. N. VAILE, of counsel), for appellant.

Mr. HENRY H. RHONE, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

This is an appeal by The Rio Grande Western Railway Company from a judgment in favor of appellee for the value of a cow belonging to him, which was killed by the railroad company. The basis of the claim of appellee is that the cow was killed by the negligence of the employees of the company.

Section 5 of the Stock Act (Session Laws 1902, p. 25) provides:

"The killing or injury of any animal or animals by a railway company or corporation shall be *prima facie* evidence of the negligence of said railway company * * *."

The railroad track at the point where the cow was struck runs nearly east and west. The plaintiff lives about two hundred yards north of the track. In front of his house, running north and south, is a wagon road, which crosses the railroad track approximately at right angles. It was on this crossing where the cow was struck by a train approaching from the west. There is no question but that the cow was

killed by being struck by a locomotive operated by the defendant company, but counsel for the railroad company contend that the evidence is insufficient to support the verdict and judgment rendered thereon, in that the *prima facie* case made by plaintiff by showing that the cow was struck by the engine, was overcome by evidence which established that the defendant company was not guilty of negligence. It is true that the testimony of the engineer and fireman operating the train is to the effect that they did not see the cow until she stepped upon the crossing; that at this time the engine was not more than fifty feet from her; that the train was running at the rate of about fifty miles an hour on a slightly down-grade, and that it was impossible to have stopped the train under about a quarter of a mile; and that on account of obstructions along the highway over which the cow traveled to reach the crossing, it was not possible for them to see her until she stepped upon the track. But this testimony was contradicted by testimony on behalf of the plaintiff, which was to the effect that an animal the size of a cow could have been seen by the engineer and fireman within half or three-quarters of a mile of the crossing at any point on the wagon road between four hundred feet north of the crossing, and the crossing.

In this state of the evidence it was for the jury to determine whether or not the fireman and engineer had exercised the necessary degree of care to ascertain if an animal were approaching the crossing over which the locomotive would shortly pass. Had there been no testimony offered on behalf of the plaintiff except that which established that the cow had been struck by the engine, then the testimony on behalf of the defendant company would have been sufficient to have overcome the *prima facie* case made by the plaintiff by virtue of the provisions of the

statute quoted; but, as we have pointed out, the testimony introduced by the defendant to show that the killing of the cow was not caused by the negligence of the company was contradicted by direct and positive evidence that its employees were negligent; and as this conflict was resolved by the jury in favor of the plaintiff, it cannot be disturbed on review.

Counsel have presented an interesting argument on the subject "Burden of Proof," which, however, we do not think it is necessary to consider further than to say that the burden of establishing negligence of the defendant was upon the plaintiff, and there being a conflict in the testimony tending, on the part of the plaintiff, to directly prove acts which would constitute negligence of the defendant at common law, and on behalf of the defendant that its employees were not negligent, it was for the jury to determine which witnesses testifying on the subject were telling the truth, and render a verdict accordingly. It appears that plaintiff did not rely upon the statute alone in making his case in chief, but, in addition to proving that the cow was killed by being struck by the engine, introduced evidence to affirmatively establish the negligence of the engineer and fireman in operating the train; but this does not in any manner change the rule of the burden of proof in the case at bar. Plaintiff, in making his case in chief, could rely upon the statute and introduce only such evidence as was necessary to make a *prima facie* case of negligence against the defendant thereunder, or he could prove such facts as, at common law, would constitute negligence on the part of the defendant.—*Colo. Central R. Co. v. Caldwell,* 11 Colo. 545. By pursuing the latter course, and the defendant having introduced evidence to prove that the engineer and fireman were not negligent, the case stood for the jury to determine who was to be believed.

True, as we have already stated, the burden rested with the plaintiff to establish the negligence of the defendant, but the jury having determined from conflicting testimony that the engineer and fireman were negligent, has determined that the plaintiff sustained the burden which the law imposed upon him.

Plaintiff was asked whether a person upon the track could see an animal approaching the crossing for any considerable distance. It is urged that this question was objectionable, for the reason that even though the engineer might have seen the cow near the track, he was not obliged to slow down his train in anticipation that the animal would go on the crossing in front of the engine. Merely because an animal may be near the track of a railroad does not require an engineer to check the speed of his train unless there is something to indicate that the animal may go upon the track.—*Wilburn v. H. & St. J. Ry. Co.*, 21 Mo. App. 426; *Young v. H. & St. J. Ry. Co.*, 79 Mo. 336; *N. O. R. R. Co. v. Bourgeois,* 66 Miss. 3.

In the present case the jury necessarily found from the testimony that the cow of plaintiff could have been seen by the engineer or fireman when the engine was upwards of half a mile distant from the crossing. The train was running at a high rate of speed. It would take it but a few seconds to traverse a quarter of a mile. When the train was that distance from the crossing, the cow must have been near and walking toward it; so that, in the circumstances of this case, there was sufficient to apprise the engineer and fireman that there was danger of the cow going upon the crossing.

A witness on behalf of plaintiff was asked how far west of the crossing he could see an animal in the highway approaching it. This question was objected to, because it is claimed that it calls for the opinion of the witness upon a conclusion that the jury should

come to for itself from all the testimony concerning the topography of the country at the crossing. The objection is not tenable. True, the jury could determine from the evidence relating to the elevation of the track and the highway, and other matters bearing upon the topographical surroundings, from what distance west of the crossing an animal could be seen on the highway, but that was not the only competent testimony from which to determine this question. The distance an animal could be seen at or near the crossing from a point on the track west of the crossing was a fact to which a witness could testify who was familiar with the surroundings.

The Stock Act requires that the owner of an animal killed by a railroad company shall, within a specified period, deliver a notice to the ticket or station agent of the railroad company. It is urged by counsel for the railroad company that the evidence on behalf of the plaintiff that such notice was delivered is not sufficient to establish that the person to whom it was delivered was the ticket or station agent of the railroad company. We do not think there is any merit in this contention. Plaintiff testifies that he could not give the name of the man on whom he served the notice, but that he answered as the ticket agent of the defendant company at its depot in Grand Junction.

Other errors are assigned to the rulings of the court upon the admission of testimony which are so clearly without merit that it is not necessary to discuss them in detail.

Errors are assigned upon the instructions given. So far as such instructions are concerned, we think it is sufficient to say that in our opinion the case was fairly submitted to the jury upon the issues which it was their peculiar province to pass upon and determine.

The instructions requested and refused appear to have been embraced in those given; consequently, there was no error in such refusal.

The final question to consider relates to the contention of counsel for defendant, that plaintiff was guilty of contributory negligence in turning his cow upon the highway or common in such close proximity to the railroad track or crossing where she was killed. We do not think this question is involved. From the testimony, in view of the verdict of the jury, it appears that the employees of the defendant company, by the exercise of a proper degree of care upon their part, could have discovered the cow and slackened the speed of the train in ample time to have prevented a collision at a public crossing. In such circumstances it was their negligence which was the proximate cause of the collision; and hence, the alleged antecedent negligence of plaintiff is not involved.

The judgment of the county court is affirmed.

*Affirmed.*

Chief Justice Steele and Mr. Justice Campbell concur.