[No. 5555.]

Denver & Rio Grande Railroad Company v. Dunn.

1. **Railway Companies—Liability for Livestock Killed at Highway Crossing**—A railway company is not required to fence the track at the crossing of a public highway. The provisions of the act of March 14, 1902 (Laws 1902, 23, secs. 2-5), have no application to such case, and the owner of an animal killed at such crossing must, to recover against the railroad company, make affirmative proof of negligence.—(153)

2. **Negligence—Not Contributing to the Injury**—Allowing willows and weeds to grow along the way of a railroad affords no action for the killing of an animal, at the place, where it appears that such obstruction of the view in no manner contributed to the result complained of.—(154)

3.   Cases Overruled, Explained or Distinguished—It was not declared in Rio Grande Company v. Boyd, 44 Colo. 119, 96 Pac. 781, that the provisions of the act of March 14, 1902, secs. 2-5 (Laws 1902, 23), made the killing of an animal at a railway crossing prima facie evidence of negligence.—(155)

*Appeal from Fremont County Court* — Hon. KENT L. ELDRED, Judge.

Messrs. WOLCOTT, VAILE & WATERMAN, and Mr. F. S. TITSWORTH, for appellant.

No appearance for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee, plaintiff below, brought suit before a justice of the peace against appellant to recover the value of two cows claimed to have been killed in July, 1903, by the negligence of the defendant company. From a judgment in favor of plaintiff, the defendant appealed to the county court, where the cause was tried *de novo* before the court without a jury, with the result that plaintiff again obtained a judgment in the sum of $100.00, from which defendant appeals.

The only question argued on behalf of the defendant company, or, at least, the only one necessary to determine, is the sufficiency of the evidence to sustain the judgment rendered. The cows were killed at what is known as the Poteet crossing, a point where the track of the railroad and the public highway intersect. The track of the railroad at this point runs northeasterly and southwesterly, and the highway intersects it nearly at right angles. It was claimed by plaintiff that the cows were struck by a train which passed the crossing about 1:30 p. m. He learned in some way that his animals had been killed, and went to the crossing within ten or fifteen min-

utes after this train had passed. He found the two animals dead, with evidences that they had been struck by a train a short time previous. One animal was lying on the east side of the public highway, and the other on the west side. It appears that it was plaintiff's custom to turn his animals on the public highway in question; that they traveled along this road to the north, and crossed the track of the railroad company and continued north, in order to reach open lands, where they were in the habit of grazing. In returning, they also crossed the railroad track. Neither plaintiff nor his witnesses saw the animals killed.

Mere proof of the killing of the animals at a public crossing does not establish negligence on the part of the defendant. The Stock Act of 1902, §§ 3712a-3713b, 3 Mills' Stats., Rev. Sup., which requires railroad companies to fence their right-of-way, maintain proper cattle guards, and further provides that the killing or injury of any animal by a railway company shall be *prima facie* evidence of its negligence, does not apply, because these provisions are only applicable when animals are killed or injured at points on the railroad where the law makes it the duty of a railroad company to fence its right-of-way. It is specially exempted from fencing the intersection of its right-of-way with a public highway.—*C. & S. Ry. Co. v. Neville*, 41 Colo. 393. In an action based upon negligence, it must appear by proof that the defendant was guilty of negligence. —*B. & M. R. R. Co. v. Campbell*, 20 Col. App. 360. In the circumstances of this case, the mere proof of killing was not sufficient to sustain a recovery, so that it was incumbent upon plaintiff to prove the negligence of the defendant company, independent of the Stock Act. The only evidence offered on his behalf which would tend in the slightest degree to

show that the company was guilty of negligence was to the effect that the east side of the public road where it intersects the right-of-way was grown up with weeds and willows to such an extent as to obscure an animal from the view of a person approaching the crossing along the railroad track from the east.

Conceding that it is negligence for a railroad company to allow the intersection of its right-of-way with a public road to be grown up with willows and weeds so as to prevent its employees operating trains from having a clear view of such crossing when approaching it, the question to determine is, whether or not the growth testified to by plaintiff and his witnesses contributed to the killing of the cows. It appears that, along the east side of the highway, beginning at a point on the north side of the right-of-way of defendant company, there is a growth of willows and weeds. The testimony on this subject on the part of plaintiff is meager and unsatisfactory; in fact, of such a character that it cannot be determined whether there was any growth on the right-of-way which would obstruct a view of the crossing by a person approaching it along the track from the east. It might be that one walking on the track would not be able to obtain a clear view of the crossing, but it does not follow that the view of an engineer from the cab of his engine would be materially obstructed by such growth.

It appears from the testimony on behalf of the plaintiff that an irrigation ditch or waste-way for such ditch crosses the right-of-way of the defendant company on the east side of the public road, and is of such depth that a cow, standing in the ditch, could not be seen by persons operating an approaching engine until quite near the crossing.

Stewart, an engineer in the employ of the rail-

road company, testified on behalf of the defendant that his engine struck a cow at the Poteet crossing on the day plaintiff claimed his animals were killed; that he passed this crossing about 1:30 p. m., and was drawing a passenger train of eleven cars, going west; that the cow struck came on the track from the north side; that he whistled for the crossing; that he noticed the cow first when he was about 200 feet from the crossing; that she was then approaching it about 25 feet distant; that he at once sounded the alarm, but that, on account of the speed and length of the train, it was impossible for him to stop it in time to prevent a collision with the animal. It does not appear that the crossing on the west side of the road is in any manner obstructed by a growth of trees or willows. North of the right-of-way and immediately adjoining it is an orchard which, to some extent, would obstruct the view from the west of an animal approaching the crossing from the north. Hughes, an engineer of the defendant company, testified that his engine struck a cow at the crossing in question about 12:45 p. m. on the date plaintiff claimed his animals were killed; that he was drawing a train going east; that he first noticed her north of the track, when he was about 25 yards from the crossing; that he could not have seen her sooner than he did, because of the orchard, and that, as soon as he discovered her near or on the track, he endeavored to stop his train, but it was impossible, on account of its speed, to avoid striking her. This testimony is not disputed.

It thus affirmatively appears, from the undisputed testimony on behalf of the defendant, that no growth of willows or weeds on the right-of-way of the company prevented its employees from seeing the animals approaching the crossing. No liability attaches on account of negligence unless damage re-

sults from it.—*C. & S. Ry. Co. v. Beeson,* 19 Col. App. 241.

The case of *C. & S. Ry. Co. v. Neville,* 41 Colo. 393, is not cited in the brief of counsel. We deem it advisable to also call attention to *Rio Grande Western Ry. Co. v. Boyd,* 44 Colo. 119, 96 Pac. 781. This case is not cited by counsel. In the Boyd case, the Neville case was not cited, and, as it was assumed by counsel for the railroad company in the Boyd case that the Stock Act of 1902 was applicable, we assumed, for the purposes of the case, in reviewing the testimony, that it was, but did not so decide.

The judgment of the county court is reversed, and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HILL concur.