No. 9490.

THE DENVER & RIO GRANDE RAILROAD CO. v. HOPKINS.

Decided October 4, 1920.

Action against a railroad company for killing stock. Judgment for plaintiff.

*Affirmed.*

1. RAILROADS—*Stock Killing—Negligence.* Under sec. 4, ch. 135, S. L. 1911, concerning the killing of stock by railroads, the killing or injury of an animal by a railway company is prima facie evidence of negligence on the part of the company. When the killing is admitted, the burden is upon the company to disprove negligence, and if it fails in this regard, it is liable for common law negligence, regardless of any question as to fences or yard limits.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. E. N. CLARK, Mr. G. A. LUXFORD, for plaintiff in error.

Mr. JOHN L. NOONAN and Mr. W. F. NOONAN, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

This was an action to recover the value of four head of cattle killed by the defendant's trains; three on November 7th, 1915, and one, a heifer, on November 24th, 1915. Judgment for plaintiff and the company brings error.

The complaint consists of two counts on the death of the three killed November 7th, one count for negligence at common law and the other for failure to fence under the statute of 1911, (S. L. 1911, p. 400,) and two similar counts in regard to the heifer killed November 24th.

As to the heifer: the only ground urged for reversal is that she was killed within the yard limits of a station, a

place not required by the act of 1911 to be fenced, and that no other negligence causing her death was shown. Section 4 of the act in question, Session Laws 1911, p. 402, provides that the killing or injury of an animal by a railway company "shall be prima facie evidence of the negligence of said railway company." It is not disputed that the heifer was killed by the company. The burden was upon the company, then, to disprove negligence. *C. R. I. P. R. Co. v. Eyster,* 69 Colo. 168, 169 Pac. 1181. They offered no evidence on that point. The company, therefore, is liable for common law negligence, regardless of any question as to fences or yard limits.

With reference to the other three cattle, the case for the plaintiff is stronger, because they were killed at a place where a fence was required, but there was no fence.

The plaintiff in error cites many Colorado cases to the effect that negligence must be proved by the plaintiff, but these all seem to have been decided before May 30th, 1911, which is the day the act in question took effect.

The judgment must be affirmed.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE SCOTT concur.