## No. 10,455.

DAVIS, as Agent, etc. v. HOLLY SUGAR CORPORATION.

Decided December 3, 1923. Rehearing denied January 7, 1924.

Action for the value of stock killed by a railroad. Judgment for plaintiff.

### Reversed.

1.   RAILROADS—*Stock Killing Statute—Construction.* The prima facie negligence rule announced in the statute concerning the killing of stock by railroad companies, is to be applied only in cases where the company has violated the requirement of a statute by failing to protect its track from wandering stock.

2.   *Killing Stock—Instruction.* An instruction in an action against a railroad company for the killing of stock, considered and held erroneous.

3.   *Killing Stock.* Merely because an animal may be near the track of a railroad does not require an engineer to check the speed of his train unless there is something to indicate that the animal may go upon the track.

*Error to the County Court of Mesa County, Hon. N. C. Miller, Judge.*

Mr. E. N. CLARK, Mr. RALPH G. LINDSTROM, for plaintiff in error.

Messrs. McMULLIN & STERNBERG, for defendant in error.

*Department One.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE defendant in error was plaintiff in an action against the plaintiff in error, under the transportation act of 1920, to recover damages for the killing of a mule at Loma, on the D. & R. G. Railroad. The action was begun before a justice of the peace, where judgment was rendered in favor of the plaintiff, and an appeal taken to the county court. The case was there tried to a jury. Verdict and judgment for plaintiff.

There are, of course, no pleadings in the case. It appears, however, from instruction No. 1, upon which the defendant assigns error, that the action was supposed to be brought under section 4 of the fencing law, chapter 135, Laws of 1911, which appears as section 2866 C. L. 1921.

Instruction No. 1 is as follows: "The Court instructs the jury that the killing of the mule in this case by Train No. 2 of the Railroad Company is admitted by the defendant, and its value is admitted to be Two Hundred Dollars at the time of the killing. Unless the defendant in this case has by competent evidence affirmatively shown that such killing was not caused by its negligence your verdict must be for the plaintiff. And if the testimony shows that by the exercise of care and diligence on the part of the enginemen on Train No. 2 they could have seen the animal in time to have prevented the collision, this will establish the negligence of the defendant."

This instruction is objected to upon two grounds: First,

that it assumes that the proof of the killing made a *prima facie* case of negligence on the part of defendant; and, second, that the statement of the law as to the proof necessary to exonerate the company was not correct.  The defendant points out that section 4 of the act is a re-enactment of section 5 of the fencing act of 1902, and that section, having been construed by this court, the legislature in re-enacting it must have intended it to mean as theretofore judicially construed.

The plaintiff, to meet this objection, relies upon the case of *D. & R. G. Railroad Co. v. Hopkins,* 69 Colo. 203, 193 Pac. 556.

An examination of the abstract and briefs in that case shows that the question now under consideration was not there presented for determination.  The complaint alleged that the cows were killed at a point where the railroad passes through a ranch; that the road was bordered by cultivated fields and was entirely unfenced.  The road at that point should have been fenced.  The answer contained no defense that any of the stock was killed at a point within the exception in the fencing statute.

On the trial, which was to the court, plaintiff's counsel objected to testimony intended to show that the heifer mentioned in the opinion was killed at or near a switch track, on the ground that it was not so alleged in the answer.  The court sustained the objection, and denied an application of the defendant to amend the answer so as to cover that point.  The case was tried on the question of negligence in the operation of the train, and there was no occasion for this court, when the case was brought here, to construe section 4 of the act of 1911.

Counsel also call attention to the fact that in the opinion in question the court overlooked several decisions of this court which passed upon section 5 of the act of 1902, which was, so far as this matter is concerned, identical with section 4 of the later act.

These cases include *C. & S. R. R. Co. v. Neville,* 41 Colo. 393, 92 Pac. 956, where the killing was on a railroad cross-

ing. The opinion quotes from some Illinois cases to the effect that the mere fact of cattle being killed at a road crossing where, of course, the railroad is not required to fence and cannot fence its track, of itself gives the owner of the cattle no right of recovery against the railroad company; and we then held that it was incumbent upon the plaintiff to prove that his cow was killed at a point where the statute required the railroad company to fence, or, "if the cow was killed or injured at a place not required to be fenced, that she was killed or injured by the negligent or willful act of the appellant or its agents."

It should be observed also that the only citation in the opinion in the Hopkins Case is the Eyster Case in 69 Colo. 168, 169 Pac. 1181, a case which directly involved the fence act, the negligence charged being that the fence had been allowed to be broken down.

Defendant in error contends that if we give to the statute the construction put upon it by the plaintiff in error we will overrule *R. G. W. R. Co. v. Boyd,* 44 Colo. 119, 96 Pac. 781. Such, however, is not the fact. In *D. & R. G. R. Co. v. Dunn,* 46 Colo. 150, 103 Pac. 387, a case involving the killing of cows at a public crossing, the court held that "the mere proof of killing was not sufficient to sustain a recovery, so that it was incumbent upon plaintiff to prove the negligence of the defendant company, independent of the stock act." The court there points out that in the Boyd Case, the Neville Case above cited was not called to the court's attention, and that the argument proceeded upon the assumption that the stock act of 1902 was applicable, though it was not so decided.

In *C. B. & Q. R. Co. v. Church,* 49 Colo. 582, 114 Pac. 299, we held that, the animals being killed at a railroad crossing, the question of statutory duty was not involved, and that the rights of the parties were measured by the common law. That is to say, negligence upon the part of the defendant must be established by the plaintiff. In that case again reference was made to the Boyd Case and it was distinguished as it was in the Dunn Case. The fact that these

cases were decided before the act of 1911 went into effect is not material, in view of the fact that they construe a section identical with section 4 of the last named act.

*D. & R. G. R. Co. v. Bird,* 60 Colo. 259, 152 Pac. 911, involved the question of damages for the killing of stock at Loma station, the same as in this case. The court said: "Defendant in error, urges that this case falls within the fencing act of 1911. But the statute contains the exceptions from its provisions as follows: 'Except at the crossing of public roads and highways, and within the limits of incorporated towns and cities, or the yard limits of established stations.' "

It was there held that the yard limits need not be marked, as the statute did not require it. That case is squarely in point, regardless of defendant's theory of the effect of a re-enactment of the statute. We are satisfied with that interpretation of the law, as section 2 of the act contains provisions which clearly indicate that the *prima facie* rule is to be applied only to cases where the railroad company has violated the requirement of a statute by failing to protect its track from wandering stock.

We may add that the second objection to the instruction is good. It would make the railroad company liable for the injury or killing of stock if the animal could have been seen in time to prevent the collision. This wholly ignores the place at which the animal may have been seen, and extends the liability to cases in which there was no reason to suppose that the animal would go upon the track.

The rule thus laid down is directly contrary to that announced in the Church Case, *supra,* where we held that an engineer is not required to check the speed of his train unless the animals are already in danger or are likely, presently to go upon the crossing. The opinion quotes from the Boyd Case, *supra,* where we said: "Merely because an animal may be near the track of a railroad does not require an engineer to check the speed of his train unless there is something to indicate that the animal may go upon the track."

In the Church Case an instruction practically the same as this under discussion was condemned by this court.

This case not falling within the provision of section 4 of the act of 1911, it is not necessary to consider the argument in regard to the effect of that provision in the trial of the cause.

It being impossible to say that the verdict of the jury was based upon evidence of common law negligence, and they having in all probability been misled by Instruction No. 1, the judgment is reversed, and the cause remanded with instructions for further proceedings in harmony with the views above expressed.

MR. JUSTICE BURKE and MR. JUSTICE SHEAFOR concur.